Ewing, C. J.
Worley and Welsh, subsequent judgment creditors of the defendants, John H. Scudder and Jolm W. Coryell, move tosetaside certain judgments entered up in favor of John Coryell and John Scudder, and rely on 1st. departures from the directions of the act in entering up the judgments$ 2¡á. defects *341 :u the affidavits accompanying them; and 3d, want of consider» alien and fraud in the bonds.
Under the first head, it is objected, that tine copy of the bond and warrant of, attorney is not made as required by the statute on a whole sheet of paper 5 aud if by, whole, is to be understood, entire or undivided, then the objection is true in point of fact. Anti so it would bo if any portion, however small, of the original sheet, had been taken off, although the residue remained, anseparated. The copy is placed on two half sheets. But if the term, whole, has allusion to quantity, the statute is literally complied with; for as long as the whole shall be equal to all its parts, if all the parts, though a thousand in number, be present, the whole is there.
Again, the copy is said not to be, what the statute requires “ a fair copy,” for there are many erasures or obliterations. In making the copy, a printed blank, to save labor or for some other motivo of convenience, has been used, and where superfluous or different words were found they have been, obliterated. If the term fair means legible, the statute has been pursued, for the copy is easily read, if fair stands for free from spots or blemishes, these are there, although in such sort as by no moans to impede the ready perusal, or to render difficult the correct understanding, of the instrument.
The legislature, in directing the judgment tobe entered, at the-end of a fair copy of the bond and warrant, made on a whole sheet of paper for the purpose, designed merely to give useful instructions, but in no wise to prescribe conditions on which the validity of the judgment should depend. One purpose of the statute was to diminish and simplify forms, so that professional aid might be dispensed with, and wo cannot therefore readily believe they have so raised immaterial and unessential forms as to effect the vitality of the judgment.
Let us pursue somewhat further this rule of strict literal criticism. and examine its consequences; for if applied to one clause or provision, by parity of reasoning, so it must be to every other of the statute, "it shall be lawful for the obligee, his executors, administrators or assigns to apply to any one of the justices.” But in many, perhaps most cases, some attorney at law, and not the obligee, makes the application, and produces the load and warrant of attorney. Arc all such judgments liable to *342 be set aside ? The second section directs that the copy of the' bond and warrant, and the entry of the judgment be delivered by the plaintiff, or person applying for the judgment, to the clerk of the court. If it be sent by some other person, or transmitted by mail, is the judgment in jeopardy ? The objections in question cannot,- upon any sound legal principles, prevail against these judgments, especially in favor of third persons whose rights however they may be effected by substantial errors or by fraud, can in no wise be diminished, because the copy is made on an half sheet, or on two half sheets, instead of an whole sheet; or because there are numerous blots on the copy, or he who made it was not an adept in calligraphy.
In examining the objections made to the affidavits, it will be necessary to view them separately and in reference to their contents alone. “ In the case of John Scudder, John H. Scudder, and John W. Coryell,- it is alleged 1. That the affidavit does not shew a debt or demand against the firm, or perhaps more properly speaking, against both defendants. The affidavit states the consideration of the bond to be “ for $450 cash paid by the deponent to The Trenton Banking Company, to take up a note of five hundred dollars, drawn by John H. Scudder, and endorsed by the deponent for so much money borrowed of the said T. B. Co. for the use of the said John H. Scudder and John W, Coryell, partners trading under the name, style, and firm of John H. Scudder and Company, and the lawful interest on the said sum so paid by the deponent.” According to this affidavit then, a sum of money was borrowed for the use of both defendants, land afterwards actually paid for their use to the bank by the deponent, who became liable for it as surety; and although the note on which the money was received from the bank was drawn by one of the firm, yet a meritorious cause of action accrued to the deponent against both defendants, for whose use it was borrowed and paid. As already remarked in examining the sufficiency of the affidavits, their contents alone are to be viewed. The matters aliunde which were laid before us in respect to this note belong to another head of objection.
2d. The second objection to this affidavit is, that it states a payment of $450 to have been made to take up a note of $500, a part only of the amount of the note. But if that sum was paid by the plaintiff, it forms the just amount of his demand, and *343 in what manner tlie residue was paid, whether by the defendants or in whatever way, is, for the purpose the legislature had in view, in requiring the affidavit, entirely unimportant»
3d. To this affidavit it is objected, in common with some of the others, that it avers the debt for which the judgment is confessed to be justly due and owing to the plaintiff, but does not set forth from or by whom. The affidavit contains what is directed in the section of the statute requiring it. Nothing more than is here expressed is made necessary. The language of the section is almost literally pursued.
To the affidavit in the case of John Scudder v. John H. Scudder it is objected, that the demand set forth in it, being for money lent seven years before the date of the bond, was barred by the statute of limitations. Whether barred or kept alive by acknowledgments and promises, does not appear; but even if barred, it would-furnish a valid consideration for a promise, and of consequence for a bond. The cases cited to prove that a debt barred by the statute of limitations, cannot claim allowance ia case of bankruptcy, have no analogy which can bear on the present question, if this objection has any force, it must be to shew a want of consideration in die bond, and falls therefore under another class of the exceptions which are raised against these judgments.
In the case of John Coryell v. John H. Scudder and John W. Coryell, several objections are taken to the affidavit.
1. ‘ Because it is in general terms, no sums or dates being affixed to the various items stated in it as having composed the demand in consideration of which the bond was given.5 A minuto detail of sums and dates does not seem required by any thing in the statute, a specification is not prescribed. The practice under the statute has been, 1 believe universally and I think correctly, testate the consideration in general terms.
2. ‘ In the jurat of the affidavit, the month and year are given, but the day of the month is omitted.5 The affidavit refers to the bond bearing date on the third and payable on the fourth of November, then current, and was produced when the judgment was signed on tbe eighth of the same month, and must therefore have been taken between the two last named days. The statutory directions have been substantially pursued by the ma - king and production/)? an affidavit; and m sound principle can *344 require us, al the instance of a third person, to defeat the judgment on account of this omission, not affecting any essential part of. the proceedings.
3. ‘ The officer, before whom it was taken, does not set out his style of office.’ He subjoins to his name the letters, J. P. The affidavit begins by naming the county “Hunterdon,ss.” and the common and known use and appropriation of those letters to signify in proceedings of this kind “ justice of the peace” are sufficient to shew, that he thus intended to designate bis office, and at least to sustain, in connection with the name of the county in the margin, a presumption that the affidavit was made before a justice of the peace in the county of Hunterdon. The affidavit in the case of The State v. Hutchinson, decided at November term 1828, had a name on!y_signed to the jurat, without the slightest description of office. The court in that case adverted to “ the accustomed abbreviations,” without, it is true, expressing any opinion of their sufficiency. In Kennet v Jones, 7 T. R. 451, an affidavit for bail which appeared by they «raí to have been taken before “ Thomas Merriman, a commissioner,” without saying by what court he v/as commissioned, and without being entitled” in the King's Bench," or otherwise, was held sufficient; and the court said an indictment forpeijury might be framed on it, if the contents were not true. In Jackson v. Gumaer, 2 Cowen 552, the jurat of an affidavit produced in evidence on the trial and purporting to be an affidavit under the statute regulating proceedings upon mortgages, was in the following manner, “sworn before me this 1st day of November 1821, George Dexter, com’sr. &c.” It was held sufficient by the court, and .Talcott, attorney-general said, arguendo, “ This court have repeatedly decided that the words commissioner, &e. are sufficient to an affidavit in support of a motion.”. In New-York, there are commissioners to take bail and affidavits, commissioners to perforin certain duties of a justice of the Supreme Court, and commissioners to take the acknowledgments of deeds j' three distinct offices.
To the affidavit accompanying the other judgment of John Coryell v. John H. Scudder and John W. Coryell, it is ob-‘ jected, '
1. That the affidavit is entitled against them, partners, &c. and the judgment is entered against them generally. The judg *345 jaent is properly entered, even if they were actual partners at the time of signing it j or if the debt had been contracted by thorn as partners 5 and the words “ partners, fyc” in the title of the affidavit may be rejected as surplusage.
2. “ The affidavit does not shew a debt of the firm.” This objection is not supported in point of fact. The notes mentioned ia the affidavit were indeed given by. John W. Coryell and the deponent; but it is expressly stated that they were given for money borrowed, at their dates, for the use of the said John H. Scudder and Joint W. Coryell, partners, and paid to one of them to be applied accordingly, and that they were satisfied and taken up by the deponent at their instance.
3. “ The affidavit does not shew that the notes wore paid.” It states, however, that they were satisfied to the holder by the deponent, and taken up by him, and in such manner, that the amount of them became due and owing td the deponent 5 and thereby a sufficient charge against the defendants is shewn.
4. Another objection to the affidavit is, that it was taken on the 6Ú1 of Nov. before the bond became payable, which was on the 7th of the same month; and as the statute requires the affidavit to set forth, that the debt for which the judgment is confessed, is justly due and owing to the person to whom the judgment is confessed, the affidavit was therefore, it is said, prematurely made. The word iC due” has more than one signification or is used on different occasions to express distinct ideas. At times it signifies a simple indebtedness without reference to the time of payment. Dehitmn in presentí, solvendum in futuro* At other times it shews that the day of payment or render has passed. In the former sense it appears to have been used in the statute; as it is connected with a word of the like signification 55 duo and owing”; and as the face of the bond would serve to shew whether the day of payment had passed ; and as it is abundantly manifest the purpose of the legislature in the clause referred to, was, not to delay the entry of judgment until after die day of payment, for that had been provided for in an antecedent clause, but to secure fairness, honesty and good faith in die transaction. Moreover, the word justly being connected with ;he word “ due” shews the true import of the phrase “justly due.” Such appears to have been the opinion of this court, in "■c wet to the use ef the words in the ease Warrick v. Matlack, *346 2 Halst. 165. If then the design of the statute in requiring tha affidavit, was simply to prevent the entering up of judgments where no indebtedness existed real ly and in good faith, and to defeat fraudulent purposes, the taking of the affidavit one day before the bond became payable and two days before the signing of the judgment is no such departure, and tends to no such evil, as should vitiate the judgment.
In the several exceptions which I have considered, I do not find sufficient cause to-set aside either of the judgments, and more especially as in the 3d section of the statute directing the mode of entering judgments on warrants of attorney, it is enacted that no such judgment shall be reversed for error or misprision of-the clerk in entering the saipe or defect of form in the entry thereof,
/In the 3d place, against all these judgments, want of consideration and fraud in the bonds and warrants of attorney, and in the purpose for which they were.exequted and the judgments were entered up, are alleged; and various matters were urged by the counsel of Worley and Welsh, in support of this allegation. To review them in detail is unnecessary 'and would be improper in the course of proceeding which in my opinion should be adopted. The court may either decide on these charges or may direct & feigned issue, according to their discretion; and the latter affording a trial by jury is on proper occasions to be preferred. A feigned issue was ordered by this court, in September term 1824, in the case of Joab Titus v. Moses Burroughs, at the instance of William Covenhoven, a subsequent judgment creditor.
In my opinion, therefore, the motion to set aside these judgments should be overruled, and if Worley and Welsh think proper to move for the same, a feigned issue should be ordered.
Ford, J.
Wórley and Welsh obtained judgment against Scudder and Coryell, on verdict for $1100 in the Supreme Court, in November term 1828 ; a few days prior to it, Scudder confessed a judgment on bond and warrant to his father; and Scudder and Coryell confessed a joint judgment to him in like manner s at the same time Coryell confessed a judgment to. his father in like manner; and Scudder and Coryell confessed in,like man-, ner, to him also, a joint judgment. The bonds and warrants bore date only two- or three days previous to the confessions and entries. Worley and Welsh now move to set aside these four judg *347 iaienís and executions upon two general grounds ¿"-First, that they are entered irregularly, under the act directing the mode of entering such judgments, Rev. Laws 685; and therefore are absolutely void. Secondly, that they are covinous and fraudulent, and for that reason void, as against Worley and Welsh, who are bona fide creditors.
First. Objections are taken to these judgments, because they are not entered in strict conformity to the mode directed by the statute | that each of them is entered on papers, connected by pins or wafers, and not on a whole sheet, as required by the act 5 that there are interlineations and erasures in the copy of each bond, when the act requires a fair copy expressly; that one of the affidavits is without a date; and instead of being made before a proper officer, the person before whom they are sworn, adds after his name, the initials J. P. which may stand ibr any other words in the English language, begining with J. P as well as the word's, justice of peace. But these present no ground for setting aside judgments on the application or interference of third persons, however available they might be on the application of the defendants themselves. The idea that a power of allowing judgment at chambers is «special one, delegated by the provisions of this act to a judge, and that his jurisdiction depends on a strict conformity to the mode therein provided, so that the judgment becomes not merely voidable on a writ of error, but by reason of any departure from such forms and requirements, utterly void for want of jurisdiction, is an idea that cannot be maintained or adopted. The power of entering these judgments at chambers has belonged to judges of courts ©f common law from almost the earliest period of juridical history to the present time; and this statute was intended for the regulation of an existing power at the common law, and not for the introduction of a new one. These judgments are not to be considered null and void for want of form under this act, any more than they were for Jack of form prior to the passing of this statute; because there is no defect of jurisdiction in either case, but only an irregularity of proceeding. Such exceptions are as available for setting aside the judgment upon a writ of error, at the suit of the party, as ever they were ; but as long as it stands unreversed, it must be recognized as a valid judgment, in all proceedings collateral to it, either by third persons or even the parties them *348 selves; No side-way proceeding can set aside the judgment pf a court of competent jurisdiction, it cari be done by a direct proceeding only ; and therefore none can take advantage of these defects in form but the parties themselves, and that for two very obvious reasons, one, that they are injurious to no body else, and another, that none beside a party to the record can have a writ of error. But though courts of justice never allow judgments to be impeached for irregularity or want of form by third persons, yet they allow them to be assailed tor fraud or covin on the application of creditors, and have exercised an equitable power immemorially to inquire into them for these causes, and to set them aside, when such accusations appear to be true. For fraud and covin will vitiate every kind of act, and fraudulent judgments are made as void against creditors, as fraudulent conveyances, under the statute of frauds, Rev. Laws 148. This brings under'consideration the . ..
Second general ground, namely: That these judgments are fraudulent, and therefore ■ void as respects Worley and Welsh, who are bona fide creditors of Scudder and Coryell the-defendants. As this gives rise to a very important question of fact, which, will be settled more satisfactorily perhaps by a jury, I think the creditors ought to be left to that course.
Motion to set aside overruled, with leave to move for feigned issues, Sec. "