EAGLE ET AL. ADSM. EMLY.*

In debt on warrant of attorney.

A judgment confessed upon a bond (payable on demand) on the day of its date, is regular; at least so far as that none but the defendant in the judgment, can complain against the irregularity.

Mr. Simpson and Mr. Williamson in behalf of subsequent judgment creditors, moved to set aside the judgment in this case upon the ground that it had been prematurely entered. The bond had been given, and bore date on the 12th July, A. D. 1839, and was payable on demand, and judgment had been entered up by confession upon it, the same day.

*Hamilton* and *H. W. Green* contra.

The opinion of the court was delivered by

HORNBLOWER, C. J. The language of the statute, *Elm. Dig.* 45, *Sect.* 1, is that, " at any time after the day of payment mentioned in the bond," it may be lawful for the obligee to apply to any Justice of the Supreme Court, or any Judge of the Common Pleas, and upon production of the bond and warrant of attorney, to have a judgment entered thereon. Hence, it is argued that this bond, being payable on demand, was payable on the day it was given, and that no judgment could be entered thereon until the day after. It would be à sufficient answer to this objection, to say, there is no day of payment mentioned in this bond, and therefore it is a case not within the words of the act. At most it would be but an irregularity of which, no one but the defendant in the judgment, would have a right to complain. *Scudder* v. *Scudder*, 5 *Halst.* 340 ; *Hoyt* v. *Hoyt*, 1 *Harr.* 138. In the first mentioned case, the affidavit required by the statute, was made the day before the bond became due, but the court held that it was sufficient; and that the words " due and owing," made use of in the statute, mean a simple indebtedness, without reference to the time of payment. The motion must be denied, with costs.

*Motion denied, with costs.*

*Decided orally at Sept. Term, 1839.