### Ely, Clapp, and Bowen *vs.* Benjamin Parkhurst.

1. An affidavit upon confession of a judgment, that the true consideration of the note was money lent, when in fact a part of the consideration was plaintiff's note to defendant, with the understanding that was to be taken up by future advances, as defendants required them, is not a correct statement of the true consideration.

2. But it being shown that the affidavit was thus made without any fraudulent design, and that the money claimed to be collected was in fact advanced to defendant before other persons obtained judgments, a rule to show cause why the money collected on said judgment should not be applied in satisfaction of judgments subsequently entered was discharged.

3. A judgment may be confessed upon a note or other instrument, the consideration of which was an agreement to advance money, or a liability on the part of the person to whom it was given.

This was a motion, made on behalf of junior creditors, to set aside a judgment confessed by Benjamin Parkhurst to Henry G. Ely, Dewitt C. Clapp, and Edward E. Bowen.

Argued before Justices ELMER and HAINES. The facts sufficiently appear in the opinion of the court.

*Frelinghuysen* and *Parker*, for the junior creditors, insisted that the money raised ought to be applied to the executions subsequent to that of plaintiffs. The plaintiffs' judgment is illegal, because it is fraudulent. The affidavit is false; it does not set forth the true consideration of the note. This clearly appears. 1 *Harr.* 363, *Melville* v. *Brown*; 6 *Halsl.* 322, *Latham* v. *Lawrence*; 3 *Green* 375, *Evans* v. *Adams*; 5 *Halst.* 250. *Sheppard* v. *Sheppard*; 1 *South.* 161, *Parker* v. *Griggs*; 2 *South.* 161, *Oliver* v. *Applegate*; 2 *Harr.* 275, *Silvers* v. *Reynolds*; 5 *Halst.* 340, *Scudder* v. *Coryell.*

A judgment cannot be confessed under our act to secure future advances. The plaintiff must swear the money is justly due and owing. There must be an existing debt, or at least an existing cause of action; no case has dispensed with that. In *Hoyt* v. *Hoyt* 1 *Harr.* 144, if it be held sound law, there was a cause of action, or what was considered to be an equivalent to money lent. In this case there was not money lent, or anything equivalent, but only an agreement to lend or pay.

A note of one thousand dollars was included, which was fraudulent. Plaintiffs could not have collected that note. 11 *East* 390; 2 *Term Rep.* 763.

*Runyon* and *Bradley* for plaintiffs, the judgment creditors, insisted—

There was no fraud in fact. The affidavit was correctly made. *Hoyt* v. *Hoyt*, 1 *Harr.* 144, is in point.

If the affidavit is to be considered incorrect, that does not make the judgment void; it is, at most, only a suspicious circumstance. *Evans* v. *Adams*, 3 *Green* 375, and *Hoyt* v. *Hoyt*.

The act requiring an affidavit upon a confession of judgment does not alter the common law in regard to the nature of the judgment. By the common law a judgment may be confessed for advances to be made, or by way of security. *Pow. Mort.* 554; 6 *Johns. C. R.* 266; 2 *Spear S. C. Rep.* 146; 6 *Barb. S. C. Rep.* 19, 346; 1 *Watts* 135; 1 *Sand. Ch. Rep.* 43; 5 *Cow.* 441.

As to the one thousand dollar note, however illegal as between the parties, it was no fraud upon creditors to pay it. Besides, sufficient money has not been collected to pay what is due over and above that note.

ELMER, J. A judgment having been entered up in this court in the above case, on the fourth day of November, 1853, for the sum of ten thousand dollars, by virtue of a warrant of attorney, an execution was issued, and put into the hands of the sheriff of Essex. Other creditors shortly afterwards entered judgments, and issued executions against the defendant, which were levied by the sheriff on the same goods. The goods, having been sold, produced the sum of $7951.10, and a rule was obtained on behalf of the junior creditors, that the plaintiffs show cause why the money thus raised and paid into court, should not be appropriated to the payment of their executions, and the judgment and execution of plaintiffs declared to be null and void. Affidavits having been taken, it is now moved to make the rule absolute. The reasons assigned are, that said judgment was not justly or honestly due or owing to the plaintiffs; that no affidavit of the true consideration of the note for which the judgment was confessed was made; and that the affidavit actually made by one of the plaintiffs did not express the true

consideration of the note, but, on the contrary, expressed a different consideration from what was actually and in truth the consideration thereof.

The affidavit made at the time the judgment was signed is correct in form, and sets forth that the true consideration of the note was goods sold and delivered and money lent. It appears, by the testimony taken and now produced, that the defendant, being indebted to the plaintiffs in the sum of $3052.94, partly for goods sold and partly for money lent, agreed to give them his note for ten thousand dollars, and a warrant of attorney to confess judgment for that sum, and that plaintiffs' note was given to him for the sum of $6947.06, with the understanding that they should subsequently advance to him goods and cash to that amount, as he should require. After the entering of the judgment, and before the other creditors obtained their judgments, the plaintiffs did advance and pay to the defendant, or to his use, in cash and goods, a sum which, added to the original indebtedness, made the sum due to them amount to $9242.42; and their note having been surrendered to them, they only claim to collect this sum on their execution. It further appears that the original indebtedness was in part for a note of one thousand dollars, given by defendant to the plaintiffs, when at a prior time they, with other creditors, compounded with him, and agreed to take fifty per cent. of their respective claims, it being alleged that plaintiffs exacted this note of him in addition to receiving their fifty per cent., without which they would not enter into the arrangement. This note, it was insisted, was given in fraud of the other creditors, and did not form a *bona fide* debt, which could be legally included in the judgment.

Much testimony is contained in the affidavits produced in regard to the circumstances attending the giving of the notes and the warrant of attorney. The facts, as above stated, however clearly appear, and do not seem to be

controverted. As between the parties before the court, it is altogether unimportant what were the inducements for the arrangement actually made between the plaintiffs and the defendant, or whether the one party or the other was in the wrong, unless there was actual or legal fraud by which other creditors were injured.

There can be no doubt that the affidavit made by one of the plaintiffs fails to set forth the true consideration of the note for which the judgment was confessed. A large part of that consideration was neither goods sold and delivered nor money lent, but the plaintiffs' note to defendant, agreed to be paid by a subsequent advance of cash or goods. It is now insisted that, according to the true construction of the statute requiring an affidavit in all cases of confessed judgments, (*Rev. Stat.* 946, § 5,) no judgment can be confessed for a debt which was not actually due, or, as counsel expressed it, for which there was not a cause of action when the instrument for which the judgment is confessed was executed. This assumes that the object of the statute was to alter the common law in regard to the nature and validity of judgments, which I see no reason to believe. The object intended, as remarked by Chief Justice Ewing, in *Scudder* v. *Scudder*, 5 *Halst.* 346, and repeated by Chief Justice Hornblower, in *Hoyt* v. *Hoyt* 1 *Harr.* 138, was to secure fairness, honesty, and good faith in the transaction, and not to prevent entering judgments by confession for a liability or by way of security, or for any other fair and honest object. The validity and effect of the judgment is left to stand precisely as it did without an affidavit. By the common law, a judgment may be confessed as a voluntary gift which is good as against the party, although it may be constructively fraudulent as against creditors. A mortgage is good to secure future advances (7 *Cranch* 34), and so is a judgment, *Brinkerhoof* v. *Marvin*, 5 *Johns. C. R.* 326, the limitation being, as Chancellor Kent remarks, that when a

subsequent judgment or mortgage intervenes further advances after that could not be covered. *Monell* v. *Smith*, 5 *Cow* 441; *Averill* v. *Loucks*, 6 *Barb. S. C. R.* 21; *Truscott* v. *King*, *Ib.* 346; *Ter Hoven* v. *Kerns*, 2 *Barr* 96; *Davis* v. *Charles*, 8 *Barr* 82.

It was earnestly insisted, on the argument, that the plaintiff cannot swear "that the debt or demand for which the judgment is confessed is justly and honestly due and owing to him," unless he had, at the time the note, bond, or other instrument for which the judgment is confessed, was made to him, an existing debt, if not due, at least absolutely to become due. But why not? If the maker of the instrument chooses thereby to contract for the first time such a debt to him, can he not swear that the amount therein agreed to be paid is justly and honestly due, provided the intention was to contract a real debt for a just and honest purpose? such a debt is as truly, justly, and honestly due as any other. So if the instrument is given in consideration of a liability to which the payee is exposed, or of an agreement on his part, to make future advances, if the sum contained in the instrument is agreed to be paid at all events, there is a debt thus incurred, which is justly and honestly due. If it turns out that the plaintiff in such a judgment does not meet the liability or make the advances, the transactions is not necessarily fraudulent, although the defendant or his other creditors may be entitled to equitable relief.

The creditor is not required to swear that at the time of making the instrument he had a just demand against the maker to the amount therein inserted, nor anything to that effect; but that the debt thus contracted, and for which the judgment is confessed, is justly and honestly due and owing. The previous part of the oath requires him to set forth the true consideration of the instrument. There is a material difference between these two things, which shows that by the debt itself something different

is meant from the consideration of the instrument by means of which the debt was contracted. The first act requiring an affidavit, passed in 1817, (*Pamphlet L.* 16) required "the true cause of action" to be stated. In the case of *Burroughs* v *Condit*, 1 *Halst.* 300, it was held that an affidavit, stating that the true cause of action was the bond for which the judgment was confessed, was a sufficient compliance with that act. The consideration of a note, bond, or other instrument, as said by C. J. Ewing, in the case of *Latham* v. *Lawrence*, 6 *Halst.* 325, is the price or motive of the contract. Whatever that price or motive for giving the instrument was, must be stated on oath, and, of course, if it be wilfully stated falsely, the party making the oath is guilty of perjury. The object of the oath obviously is, as held by C. J. Hornblower in *Evans* v. *Adams*, 3 *Green* 375, to prevent the signing of fraudulent judgments, by an appeal to the conscience of the plaintiff as to the fairness of the transaction. Being required to set forth the consideration for making the instrument, he thus furnishes the means of detecting a fraud, if there is one.

If there was no pre-existing debt, and the obligation is purely voluntary, other creditors will have their remedy. If the liability of the plaintiff is not met, or the advances agreed upon are not made, those creditors are furnished with the means of protecting their interests, as the case may require. If no other creditors are injuriously affected, no one has a right to complain. I am entirely satisfied that there is nothing required in the affidavit which prevents a judgment from being entered by confession to secure a liability or future advances. A different construction of the statute is not warranted by its terms, and, in my opinion, would tend rather to impair than to secure the rights of creditors. If the money is actually lent and advanced at the time, it is clear that the judgment may be confessed; but how will requiring this help other

creditors? such money may be put into the debtor's pocket, and is much more likely to be misapplied than advances made as his business requires. It is for the benefit of all parties that the right of making contracts, and of securing their fulfilment, should remain without other restriction than they may be made fairly and for a just and honest purpose.

Since the cases of *Hoyt* v. *Hoyt* and of *Evans* v. *Adams*, it must be considered as settled, that a judgment signed by virtue of a warrant of attorney will not be set aside upon the application of a subsequent judgment creditor for a defect in the affidavit. These decisions were deliberately made, and have been long acted upon; and even if I thought them originally questionable, I should not feel at liberty to disturb them. The court will undoubtedly exercise an equitable power over such judgments to prevent fraud. This will be best accomplished by allowing subsequent creditors, who have levied executions upon the same property to invoke the aid of the court, as has been done in this case, to ascertain whether there is fraud in fact, and if there is, to give their debts the preference.

But it is argued for the junior creditors, now before the court, that inasmuch as the plaintiff's affidavit is shown to be false, that of itself affords a sufficient reason for postponing the first judgment and execution, and giving the preference to those that are younger which are unimpeached. If there was reason to believe that the incorrectness of the affidavit was wilful, I should be strongly disposed to regard that fact as conclusive evidence of fraud. But it satisfactorily appears that the affidavit was drawn as it stands by the advice of the attorney, who appears to have misapprehended the opinion of Justice Ryerson in the case of *Hoyt* v. *Hoyt*. Admitting what he says to be correct, this case differs from that. Even in that case, however, I think the affidavit, instead of setting forth that the true consideration of the note

was money lent, should have stated, as the fact was, that the true consideration was plaintiff's note to the defendant, advanced and used for the purpose of paying for property purchased by the latter.   The other judges did not put their opinions upon the ground that the affidavit was strictly correct, but upon the ground that its incorrectness did not authorize the Court of Common Pleas to set aside the judgment.

There seems, in this case, no reason to doubt that the, plaintiffs did advance what they claim before the other judgments were signed.   The claim of the plaintiffs is thus shown to be perfectly just and honest, so that the presumption of fraud, which would arise from the fact that the true consideration of the note is not set forth in the affidavit, is entirely removed. . Such a presumption necessarily arises in every case where there is an attempt to avoid a full disclosure of the true consideration, and perhaps, also, when there is a substantial defect in the affidavit ; and I think the court is bound to discountenance everything like evasion or unfairness.

What will be the consequence if there is no affidavit, this case does not call upon us to decide.   The Court of Errors, recently held, in the case of *Den* v. *Gaston and Mason, June T.* 1854, that a judgment by confession, without an affidavit, is not absolutely void, so that it cannot be given in evidence to support a sheriffs' sale under it.   C. J. Kirkpatrick held, in the case of *Oliver* v. *Applegate*, 2 *South.* 481, and I incline to think correctly that such a judgment, although not absolutely void, is fraudulent and void against creditors.   Chancellor Williamson, before whom it appears that this case has been, by means of a bill filed by the junior creditors, whose opinion has been furnished to me, and is certainly entitled to great respect, seems to have held that the absence of an affidavit would not of itself have rendered the judgment fraudulent, at any rate so as to authorize him to declare it void on that

ground, that being a question more proper for the court in which the judgment was entered.

As to the objection, that a note for one thousand dollars was included in plaintiff's judgment, which was given at the time in fraud of other creditors, two sufficient answers have been made to it. First, the sum actually collected upon the execution is not large enough to cover the amount due after excluding that note. Secondly, admitting that the plaintiffs could not have recovered that note of the defendant, it does not follow that he might not pay it, or secure its payment, if he thought proper. The creditors now before the court have no right to object. A usurious note could not have been collected at law ; but it has never been held a fraud upon creditors to pay or secure such a note. The rule to show cause must be discharged, with costs.

HAINES, J., concurred.

, See *Clapp v. Ely*, 3 *Dutch*, 622.