ELLA ETTA SMITH v. JOSEPHINE T. WEAVER.

Argued February 19, 1907—Decided June 10, 1907.

1. A judgment was entered upon a bond by virtue of the warrant of attorney upon an affidavit which stated that the consideration of the bond was the sum of $2,475.49, being the amount of money due from the obligor to the deponent on the account of money which came to the obligor's hands as the executrix of the will of one Weaver, and interest due on the same, and that the debt for which judgment is confessed is justly and honestly due and owing to deponent, and that the judgment is not confessed to answer any fraudulent purpose, &c.—*Held*, that judgment was properly entered on this affidavit.

2. The obligee of a bond given for a valid consideration may enter judgment by virtue of the warrant of attorney for any debt or demand that would sustain an action under the bond against the maker thereof, provided such demand, at the time such judgment is confessed, is justly and honestly due and owing in the sense that it is an unpaid indebtedness, and not in the sense that a fixed day of payment has been reached and passed.

3. The case of *Gaskill v. Strong,* 24 *Vroom* 665, affirmed on the opinion contained in 59 *Atl. Rep.* 339, followed.

On *certiorari.*

Before Justices GARRISON, SWAYZE and TRENCHARD.

For the prosecutor, *John J. Crandall.*

For the defendant, *Melosh & Morten.*

The opinion of the court was delivered by

GARRISON, J.   A judgment entered upon a bond by virtue of the warrant of attorney is attacked upon the ground that the affidavit upon which the judgment was entered does not state the true consideration of the bond as required by the statute, or rather that it does not state any consideration at all, because it does not show an enforceable debt.   The affidavit is in these words: "Ella Etta Smith, being duly sworn, saith she is the plaintiff named below and that the true consideration of the bond of which the preceding is a copy on which judgment is about to be confessed was and is the sum of two thousand four hundred and seventy-five dollars and forty-nine cents, being the amount of money due from the said Josephine T. Weaver to this deponent on account of money which came to her hands as the executrix of the will of Samuel W. Weaver and interest due on the same, and that the debt for which judgment is confessed is justly and honestly due and owing to Ella Etta Smith, and that the judgment is not confessed to answer any fraudulent intent or purpose or to protect the property of the defendant from any other creditors."

The transaction thus succinctly stated is that the sum named in the affidavit being in the hands of the obligor as

executrix, and due to be paid to the obligee by her in that capacity, she agreed in her personal capacity to pay to the obligee the sum so due. It is not contended that this is not a true statement of the actual transaction between the parties, and this being so it does not lie in the mouth of a stranger to the bond to say that the debt created by it is without consideration. The consideration stated by the affidavit is the retention by the obligor as executrix of the precise sum that she agrees to pay to the obligee, and the consideration detrimental to the obligee is her forbearance with respect to the sum so due to her from the obligor as executrix. "So due" in this context, it should be noted, means that which ought to be paid and not that which is legally actionable, and it should further be noted that the statute with respect to bonds and warrants of attorney treats the consideration of a bond and the debt for which judgment is confessed as two separate and distinct things. In the opinion adopted by the Court of Errors and Appeals in the case of Gaskill *v.* Strong it was said touching the statute in question: "That act, in speaking of the debt to be recovered, concerns itself solely with the debt in existence ·at the time of the recovery of the judgment. While it requires a true statement of the consideration of the bond, it leaves all matters appertaining thereto as they were before its passage. The debt it speaks of is the one in existence at the time of the making of the affidavit by virtue of which the judgment is entered. The consideration of the bond is required to be stated, in order that it may be seen whether the original transaction was a valid one and capable of sustaining the debt for which judgment is to be entered, not whether the debt itself was in existence at the time the bond was given. In other words, it does not prescribe that judgments may be entered for such debts only as antedated the delivery of the bond.

"In prescribing what the affidavit shall contain, the act says that it shall state the true consideration of the bond. It then adds, in a separate clause, 'and shall further set forth that the debt or demand for which judgment is confessed is [not "was"] justly and honestly due and owing.' The first

clause has reference to the validity of the bond; the second to the legal propriety of the judgment. It treats them as two different things, leaving the connecting links to be controlled by the principles ordinarily applicable to these two distinct subjects of adjudication. The latter requirement is not that the original debt, or so much thereof as remains unpaid, may be set forth and recovered, but that judgment may be confessed for any debt honestly due and owing under said bond—that is, any honest debt supported by the consideration upon which the validity of the bond itself depends. Reading the whole section together, it confers upon a party holding a bond given for a valid consideration the right to enter judgment for any demand which is of such a nature that it would sustain an action under the bond against the maker thereof, provided such demand, at the time of the confession of judgment, is honestly due and owing.

"This contention receives support from the history of the legislation in question. At the time of the passage of the original act, in 1817, the language used was that the affidavit should state the true cause of action. In 1820 this language was altered so as to require a statement, not of the cause of action, but of the true consideration of the bond. The significance of this change is apparent in the light of the view above indicated.

"Nor do the words 'justly and honestly due and owing' limit the indebtedness for which judgment can be entered to such only as present an accrued right of action. Debts now due and owing, in the sense that they are unpaid indebtedness, is what is meant, not that a fixed day of payment has been reached and passed.

"If the affidavit states the consideration by giving truthfully the substance of the transaction, a judgment entered for an honest demand for an actual indebtedness, and without fraudulent purpose, will not be open to the attack of other creditors merely because the affidavit is inartificially drawn. The word 'true,' in this connection, means that which is frank and actual, rather than that which is precise and technical."

*Gaskill* v. *Strong* was affirmed in 24 *Vroom* 665, upon the

opinion delivered in the Circuit Court from which the above excerpt is taken. The opinion thus referred to is not, however, officially reported, and is to be found in accessible form only in the fifty-ninth volume of the *Atlantic Reporter, p.* 339. We have sufficiently indicated the grounds for our conclusion that the attack upon the judgment in the present case is without force.

The rule to show cause is discharged.