GASKILL & SONS, PLAINTIFF, v. JOSEPH H. BUCKMAN, DEFENDANT.

1. Under the statute relating to judgments on bond and warrant of attorney, which requires the affidavit to state the true consideration of the bond, and that the debt for which judgment is confessed is justly due, the debt referred to is the one in existence at the time of the making of the affidavit, and the right to enter judgment is not limited to such debts as antedate the delivery of the bond.

2. Under the statute relating to judgments on bond and warrant of attorney, the requirement that the affidavit shall set forth that the debt or demand is "justly and honestly due and owing" does not limit the debt for which judgment can be entered to such as present an accrued right of action, but apply to any debt that is then due and owing to the obligee of the bond whether the day of payment has. been reached and passed or not.

On application to vacate judgment entered on bond and warrant of attorney.

For the plaintiff, *D. J. Pancoast.*

For Brown & Company, *Joseph H. Gaskill* and *Samuel H. Grey.*

For Strong & Company, *Lindley M. Garrison.*

The opinion of the court was delivered by

GARRISON, J. This is a contest among the creditors of Joseph H. Buckman over the proceeds of the sale of his property.

NOTE.—This case was an appeal from the Burlington Circuit Court, and the judgment of that court was affirmed by the Court of Errors and Appeals upon the opinion in the court below. 53 *N. J. L.* 665. By inadvertence, the opinion of Garrison, J., in the Circuit Court, was not printed in the report of the case, and the court has now directed that it be printed here.—REPORTER.

Attack is made by the subsequent creditors upon the senior execution creditor, Gaskill & Sons. The grounds are—*first,* that the judgment of Gaskill & Sons was improvidently entered, and *second,* that it was entered for a greater sum than was actually due.

The facts are these: Gaskill & Sons had been selling lumber to Buckman, for which notes had been taken and renewed. On November 30th, 1886, Buckman gave to Gaskill & Sons his bond, with warrant to confess judgment, conditioned for the payment of $4,000 in one day after date. After this Gaskill & Sons continued to sell lumber to Buckman and to take and renew his notes therefor. On November 17th, 1887, Gaskill & Sons entered judgment on this bond for the amount then owing to them for lumber, viz., $2,950. This amount, with the exception of $169.54, was represented at the time by notes given by Buckman to the plaintiffs, not yet matured. The insistence of the junior creditors is that until the time of the maturity of those notes nothing was due and owing within the meaning of the act concerning bonds with warrants of attorney. In so far as this argument proceeds upon the fact that the notes were taken subsequent to delivery of the bond it rests upon what appears to me to be a misconception of the statute in question. That act, in speaking of the debt to be recovered, concerns itself solely with the debt in existence at the time of the recovery of the judgment. While it requires a true statement of the consideration of the bond it leaves all matters appertaining thereto as they were before its passage. The debt it speaks of is the one in existence at the time of the making of the affidavit, by virtue of which the judgment is entered. The consideration of the bond is required to be stated in order that it may be seen whether the original transaction was a valid one and capable of sustaining the debt for which judgment is to be entered, not whether the debt itself was in existence at the time the bond was given. In other words, it does not prescribe that judgments may be entered for such debts only as antedated the delivery of the bond.

In prescribing what the affidavit shall contain, the act says that it shall state the true consideration of the bond. It then adds, in a separate clause, "and shall further set forth that the debt or demand for which judgment is confessed is [not 'was'] justly and honestly due and owing." The first clause has reference to the validity of the bond; the second, to the legal propriety of the judgment. It treats them as two different things, leaving the connecting links to be controlled by the principles ordinarily applicable to these two distinct subjects of adjudication. The latter requirement is not that the original debt, or so much thereof as remains unpaid, may be set forth and recovered, but that judgment may be confessed for any debt honestly due and owing under said bond— that is, any honest debt supported by the consideration upon which the validity of the bond itself depends. Reading the whole section together it confers upon a party holding a bond given for a valid consideration the right to enter judgment for any demand which is of such a nature that it would sustain an action under the bond against the maker thereof, provided such demand, at the time of the confession of judgment, is honestly due and owing.

This contention receives support from the history of the legislation in question. At the time of the passage of the original act in 1817, the language used was that *the affidavit should state the true cause of action.* In 1820, this language was altered so as to require a statement, not of the cause of action, but of the true consideration of the bond. The significance of this change is apparent in the light of the view above indicated.

The fact, therefore, that the notes in question were not in existence at the date of the bond, is immaterial if they are honestly due and are supported by the same consideration upon which the bond was given.

The contention that these notes cannot be made the basis of this judgment because the debtor could, if sued for the debt represented by them, have pleaded an extension of the time of payment to the date of their maturity, is inapplicable to a proceeding which derives its sole validity from the vol-

untary act of the debtor. The right to interpose such a defence being, like the right to plead the statute of limitations, personal, the failure to interpose it is presumptive proof of waiver. Nor do the words "justly and honestly due and owing" limit the indebtedness for which judgment can be entered to such only as present an accrued right of action. Debts now due and owing, in the sense that they are unpaid indebtedness, is what is meant, not that a fixed day of payment has been reached and passed.

So far, then, as the merits are concerned, the plaintiffs' judgment was not improvidently entered.

A remaining contention is that the affidavit fails to disclose the true consideration of the bond. That it stated it truly as of the time the bond was given is not disputed; that it stated it substantially in reference to the whole line of transactions contemplated and actually followed by the parties must also be admitted. If the affidavit had omitted to state the consideration, or had stated it falsely, the resulting judgment would be a nullity and would be so declared at the instance of other creditors. But if the affidavit state the consideration by giving truthfully the substance of the transaction a judgment entered for an honest demand for an actual indebtedness and without fraudulent purpose will not be open to the attack of other creditors merely because the affidavit is inartificially drawn. The word "true" in this connection means that which is frank and actual, rather than that which is precise and technical.

In the present case the truth was that the consideration for the bond was lumber, and the affidavit so states; the debt for which the judgment was entered was for lumber credited to the debtor upon the strength of this bond and the accompanying power to confess judgment upon it.

The entire transaction is characterized by honesty of dealing and frankness of statement—the matters to which adverse criticism is directed are of form not of substance; under these circumstances the requirements of the statute have been followed and the judgment will not be disturbed.