39 N.J. Super. 410 (1956)
121 A.2d 434
FRIENDLY CONSUMER DISCOUNT CO., PLAINTIFF-APPELLANT,
v.
CHARLES R. FOELL AND FREDDY E. FOELL, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued February 20, 1956.
Decided March 12, 1956.
*412 Before Judges CLAPP, JAYNE and FRANCIS.
Mr. Abraham Greenberg argued the cause for plaintiff-appellant.
Mr. Martin L. Haines argued the cause for defendants-respondents (Messrs. Dimon, Haines & Bunting, attorneys).
The opinion of the court was delivered by CLAPP, S.J.A.D.
Plaintiff, a Pennsylvania corporation, secured a judgment by confession in the Burlington County Court on defendants' bond and warrant of attorney. The *413 court, however, on defendants' motion vacated the judgment, and plaintiff appeals. The principal question is whether a judgment taken by confession may be entered on an unmatured indebtedness.
On February 23, 1955 plaintiff made a loan to defendants in the face amount of $2,160, which actually netted defendants $1,758 in cash after deducting certain charges and a discount on account of interest. On that day defendants signed a bond in plaintiff's favor in the penal sum of $4,320, conditioned to pay $2,160 one day after date. The bond contains this covenant:
"It is covenanted and agreed that in the event it should be necessary to take any proceedings to enforce judgment on this bond that an attorney fee of 15% of the amount of the just debt hereinbefore set forth shall be included in the amount due upon this bond and judgment shall be entered therefor with such principal debt."
At the same time defendants signed a warrant of attorney, embodied in a separate instrument, empowering plaintiff's counsel or any attorney of a court of law in New Jersey to confess judgment on the breach of the condition stated in the bond. Also at the same time defendants executed a chattel mortgage on a 1954 Pontiac, chattels of like nature and household goods, all by way of security for the loan. According to the mortgage, the loan is payable in 30 installments of $72 each (total $2,160), the first on April 6, 1955, the second 30 days thereafter, and so on, with a charge at the rate of 18% a year on the amount in arrears. The mortgage contains a statement that it is further secured by the mortgagors' "judgment note * * * of even date, containing a confession of judgment" (as above stated, there was a bond and warrant  no judgment note).
Concededly there has been no default in the payment of any installment. Nevertheless on March 4, 1955, nine days after the making of the loan and three weeks before the first installment became due, the above mentioned judgment by confession was signed. The judgment was in the amount of $2,484, calculated as follows:

*414
 Cash received on loan ................................... $1,758.00
 Discount of 5% calculated on $2,160, the full face
 amount of the loan for three years; we are not
 informed how the plaintiff arrived at the rate of
 5%, nor why a 3 year period was taken (there were
 30 installments, one payable every 30 days over a
 period of a little less than 2 1/2 years) ............. 324.00
 (If 5% interest had been calculated on the unpaid
 balances as they would have existed at the close of
 each 30 day period, had all installments been paid
 as they became due, the interest would have come
 to much less.)
 Attorney's fee amounting to 15% of full face amount
 of the loan, $2,160 ................................... 324.00
 Amount advanced by plaintiff for life insurance, not
 provided for in bond, warrant or chattel mortgage ..... 54.00
 Loan charges not provided for therein ................... 15.00
 Title fee, not provided for therein (presumably the
 charge is for searching the chattel mortgage record;
 it was indicated that no searching was undertaken
 here) ................................................. 4.00
 Charge for recording note, not provided for therein
 (apparently in accordance with Pennsylvania practice
 where a "judgment note" is taken) ..................... 5.00
 __________
 Amount of judgment ...................................... $2,484.00

Some weeks after the entry of judgment someone searched the title to the home of one defendant, and the latter was then apprised of the judgment. His affidavit, submitted on the motion to vacate the judgment, stated that he does not even recall signing the bond and warrant (though in fact he did sign them) and that he had not been advised that a judgment was to be entered against him forthwith. No answering affidavits were submitted. The County Court concluded that there was no justification for including in the judgment either the attorney's fee or the interest and therefore vacated the judgment.
The court held that since the judgment was entered for more than the correct amount, it should be vacated entirely. But where a judgment by confession is not rendered invalid either because of fraud or otherwise (and there is no such charge here), it is allowed to stand in the proper amount. Haddonfield National Bank v. Hipple, 110 N.J.L. *415 271, 275 (E. & A. 1933); Hickory Grill, Inc., v. Admiral Trading Corp., 14 N.J. Super. 1, 8 (App. Div. 1951).
We must therefore examine the controversial questions which the trial court concluded it was not called upon to decide. The first of these questions may be disposed of summarily. We take it now to be settled that two or more writings, which are all parts of the same transaction, are to be interpreted together, even though they do not refer to each other. Lawrence v. Tandy & Allen, 14 N.J. 1, 6, 7 (1953); Colozzi v. Bevko, Inc., 17 N.J. 194, 207 (1955); Schlossman's, Inc., v. Radcliffe, 3 N.J. 430, 435 (1950); Veterans Loan Authority v. Rozella, 21 N.J. Super. 1 (App. Div. 1952), a suit on a note, certification denied 10 N.J. 343 (1952); Skilton v. R.H. Long Gadillac L.S. Co., 265 Mass. 595, 164 N.E. 652 (Sup. Jud. Ct. 1929); Restatement of Contracts § 235 (c); 3 Corbin, Contracts (1951), § 549; 3 Williston, Contracts (rev. ed. 1936), § 628, 840. Hence even overlooking the reference in the chattel mortgage to a "judgment note" (in the bond on which the judgment is taken, there is no reference to the chattel mortgage), we still conclude that the chattel mortgage, bond and warrant are to be interpreted together. American Auto Finance Co., Inc., v. Miller, 123 N.J.L. 1, 3 (Sup. Ct. 1939). In the face of the above authorities, the following cases, insofar as they take a contrary view, must be deemed to be no longer law. Ryba v. Atlas Automobile Finance Corp., 121 N.J.L. 478, 480 (Sup. Ct. 1939); Fidelity Acceptance Corp. v. Alloway, 127 N.J.L. 450 (Sup. Ct. 1941); Superior Finance Corp. v. John A. McCrane Motors, Inc., 115 N.J.L. 401 (Sup. Ct. 1935), affirmed on other grounds 116 N.J.L. 435 (E. & A. 1939).
The parol evidence rule cannot be made so to subserve a lendor's own ends as to enable him  by setting forth one transaction in two separate instruments  to confer upon a single loan two different maturity dates, one of them false. Reading together the bond and chattel mortgage here, we have no doubt that the intent of the parties was to create a single indebtedness, with a single set of maturities, namely, those *416 specifically set forth in the chattel mortgage. The debt was not intended to be payable both one day after date in full as provided in the bond, and also every 30 days in installments; it seems more likely that the provision in the bond does not truly state the parties' intention. Cf. Modern Security Co. of Philadelphia v. Fleming, 6 N.J. Misc. 730, 731 (Sup. Ct. 1928). Indeed at the very time defendants obtained the loan, plaintiff delivered to them a "Statement of Loan" showing:

"* * * * * * * *
Amount of note [in fact it was a bond]  $2,160"
"Payable [that is, the note or loan was payable] in 30 monthly installments of $72"

* * * * * * * *
"If default is made in payment of any installment, then at the option of the lender, the whole amount of the loan then unpaid shall at once become due and payable." (Italics added)
The plaintiff itself thereby represented that the whole amount of the bond was not payable unless there was a default in an installment. It is clear, then, that the loan had not matured at the time judgment was entered.
We come then to the main question, namely, whether a judgment can be taken by confession as to a debt that is owing but not payable. We are concerned not only with the principal sum of $1,758 which, as stated, was not payable at the time of the judgment, but also with the interest amounting to $324, no part of which seems to have been payable at the time of the judgment.
R.R. 4:57-2 provides that a plaintiff may not secure a judgment by confession unless he produces to the court an affidavit showing "the amount then justly due to the plaintiff"; and it permits the entry of judgment for such amount as the court shall find to be "due." The rule was taken in part from N.J.S.A. 2:27-275 which however contained the words "due and owing."
Cases construing this statute, N.J.S.A. 2:27-275, and earlier statutes of this State to like effect, have held that these words "due and owing" appearing therein have reference *417 to any indebtedness, even though the day of payment has not arrived. Scudder v. Coryell, 10 N.J.L. 340, 345 (Sup. Ct. 1829); Hoyt v. Hoyt, 16 N.J.L. 138, 143 (Sup. Ct. 1837); Gaskill & Sons v. Buckman, 95 N.J.L. 14, 17 (Sup. Ct. 1890), affirmed Strong v. Gaskill, 53 N.J.L. 665 (E. & A. 1891); cf. Ely v. Parkhurst, 25 N.J.L. 188, 192 (Sup. Ct. 1855), reversed 27 N.J.L. 555 (E. & A. 1858); see Smith v. Weaver, 75 N.J.L. 31, 34 (Sup. Ct. 1907), affirmed 76 N.J.L. 584 (E. & A. 1909). Contra, Modern Security Co. of Philadelphia v. Fleming, 6 N.J. Misc. 730 (Sup. Ct. 1928); American Auto Finance Co. v. Miller, 123 N.J.L. 1 (Sup. Ct. 1939). We pass over the fact that the courts in Scudder and Hoyt, in reaching this conclusion, laid some stress on the words "and owing" which were not taken over by the rule.
It could hardly be disputed that at one time in practically all jurisdictions, a judgment by confession could be taken on an unmatured debt. Teel v. Yost, 128 N.Y. 387, 28 N.E. 353, 355, 13 L.R.A. 796 (Ct. App. 1891). See e.g., Hart v. Hart, 165 Md. 77, 166 A. 414 (Ct. App. 1933); Integrity Title Ins., etc., Co. v. Rau, 153 Pa. St. 488, 26 A. 220 (Sup. Ct. 1893). Indeed, a considerable number of jurisdictions still provide by statute for the entry of a judgment by confession for money "due or to become due." Calif. Code Civ. Proc., § 1132 (1953); Del. Code Ann., Title 10, § 3908 (1953); Idaho Code, c. 9, § 10-901 (became rule of court in 1951); Minn. Stat., § 548.22 (1953); N.Y. Civil Prac. Act, § 540; No. Dak. Rev. Code, § 28-1001, 1002 (1943); Laws, So. Car., § 10-1535, 1536 (1952); Ore. Rev. Stat., § 26.110; Utah Code, § 78-22-3 (1953); Wis. Stats., § 270.69 (1949).
However, today nearly a third of all jurisdictions in this country by statute or otherwise refuse to allow a judgment by confession to be entered through a warrant of attorney, at least before the maturity of the claim. Ala. Code, Tit. 20 § 16 (1940) (void); Ariz. Code Ann., § 21-1218 (1939) (authority must be executed subsequent to maturity date of obligation); Ark. Stat. Ann., § 29-301 (1947) (requires *418 debtor's personal appearance); Fla. Stat., § 55.05 (1951) (void); Hamilton v. Schoenberger, 47 Iowa 385 (Sup. Ct. 1877), cf. Iowa Code, § 677.1 (1954); Burns Ind. Stat., § 2-2904 (1933) (only after cause of action has accrued); Ky. Rev. Stat., § 372.140 (void, unless action is instituted); Mass. G.L., c. 231, § 13A (1932) (enacted in 1931) (void); Miss. Code Ann., § 1545 (1942) (such power of attorney void); First Nat. Bank of Kansas City v. White, 220 Mo. 717, 120 S.W. 36 (Sup. Ct. 1909), but cf. Missouri Stat. Ann., § 511.070, 511.100 (R.S. 1939); Mont. Rev. Code, § 13-811 (1947) (prohibits such powers of attorney); New Mex. Stat. Ann., § 21-9-16 (1953) (such power of attorney void); Tenn. Code Ann., § 25-201 (1955) (only after action is instituted); Tex. Civ. Stat., Art. 2224 (id.); cf. Vermont Stats., § 1480 (Rev. 1947) (justice of peace may accept confession of debt from debtor personally); No. Car. Gen. Stat., Art. 24, § 1-249 (1953) (where installment debt, execution may issue only as each installment becomes due).
In three jurisdictions, Illinois, Ohio and Pennsylvania, judgment notes, as they are there called, are still widely used. Indeed it is said that in connection with almost all loans made by lending institutions in Pennsylvania, provision is made for the entry of judgments by confession; however the larger banks in Philadelphia do not usually enter judgment until default. Note, Confessions of Judgment, 102 U. Pa. L. Rev. 524, 525, 531, 533, 534 (1954). On the oral argument we were told that four Pennsylvania lending institutions do considerable business lending money to residents of southern New Jersey on the basis of instruments quite similar to those before us.
We think we detect a trend in the law of this State, both in the statutes and at the common law, indicating not only some curtailment of the right to a judgment by confession, but also a certain tightening up of the law. In 1948 New Jersey declared judgments by confession invalid in connection with any
"contract entered into in this State evidencing an agreement to pay the retail purchase price of goods * * * in installments * * * *419 and pursuant to which title to or a lien upon the goods is retained or taken by the retail seller as security." (Italics added.) N.J.S.A. 17:16B-1, 17:16B-6(a)(3)
The statute is clearly inapplicable here because in the first place plaintiff is not a "retail seller" (although it is said, off the record, that this is a refinancing of a sale, and, from a legislative viewpoint, it might be thought that the policies involved in that situation are not so very different from those inhering in the situation dealt with by the statute). In the second place, we are informed, off the record, that the instruments here were signed, not "in this state," but in Pennsylvania.
Another statute adopted in 1932 declares that those licensed to do a small loan business shall not "take any confession of judgment or any power of attorney." N.J.S.A. 17:10-15. Statutes similar to the last two will be found in a number of states.
Plaintiff refers us to N.J.S.A. 46:32-18, an act first adopted in 1930 as a supplement to the Uniform Conditional Sales Act. The 1930 statute covers, inter alia, the unusual situation where a judgment is taken by confession with respect to the price of goods sold and thereafter a conditional sales agreement is executed as to them. It could hardly be said  particularly if that situation is kept in mind  that the statute aids plaintiff's position. On the contrary, it indicates strong legislative disapproval of any attempt by a conditional vendor to enter a judgment by confession; for the statute thereupon deprives him of all rights under the conditional sales agreement, including the right to repossess the goods.
However, more important to this decision than the statutes, are the developments in the New Jersey common law, particularly as evidenced in Modern Security Co. of Philadelphia v. Fleming, 6 N.J. Misc. 730 (Sup. Ct. 1928) and American Auto Finance Co., Inc., v. Miller, 123 N.J.L. 1 (Sup. Ct. 1939). There, contrary to earlier cases above cited (Scudder v. Coryell, Hoyt v. Hoyt, Gaskill & Sons v. Buckman and *420 Smith v. Weaver, supra) it is held that a judgment by confession may not be entered with respect to an unmatured debt. Cf. State Mutual B. & L. Ass'n v. Batterson, 77 N.J.L. 57 (Sup. Ct. 1908); but cf. Huck-Gerhardt Co. v. Parreca, 9 N.J. Misc. 563, 565 (Sup. Ct. 1931), distinguishing Fleming on the ground that in Parreca there was a real intention on the part of the debtor to obligate himself to pay in advance for certain carpentry work he had ordered  but also arguing, by way of dictum, for allowing judgments by confession to prospective creditors by way of security.
Miller distinguishes Gaskill & Sons v. Buckman, 95 N.J.L. 14 (Sup. Ct. 1890), affirmed Strong v. Gaskill, 53 N.J.L. 665 (E. & A. 1891), supra, pointing out that there the attack on the judgment was made, not by the debtor but by other creditors, and that any contention that the judgment was entered on an unmatured claim is a defense personal to the debtor which can be raised only by him. Cf. Emby v. Eagle, 17 N.J.L. 348 (Sup. Ct. 1839). In Scudder v. Coryell, 10 N.J.L. 340, 345 (Sup. Ct. 1829), supra, and Hoyt v. Hoyt, 16 N.J.L. 138, 143 (Sup. Ct. 1837), supra, the situation in this respect is the same as in Buckman. On the other hand, in the present case, as well as in Miller, the contention is raised, not by other creditors, but by the debtors themselves.
In weighing the policies involved, consideration must be given to the question whether there would be any constriction on consumer credit in this State if judgments by confession were taken only on matured debts. Of course, the lending institutions in Pennsylvania and other states are desirous of securing a quick and inexpensive lien on such real property within the jurisdiction of the court, as is owned by the debtor or acquired by him within the next 20 years  a security that some debtors may be willing to give.
Plaintiff urges on behalf of the lender that, regardless of the face amount of any judgment, recovery may be had through execution, only for the amount actually payable and in default. Cf. Integrity Title Ins., etc., Co. v. Rau, 153 Pa. 488, 26 A. 220 (Sup. Ct. 1893). However, under the *421 practice obtaining in New Jersey in connection with any judgment for money, the clerk of the court issues execution in the face amount of the judgment. It is true that the practice is to add an endorsement on the writ theoretically in order to disclose the amount really due and payable. But the clerk secures no affidavit that the judgment is for a debt that has matured and is wholly unpaid; and only if he happens to be advised by the judgment creditor in some informal way that another amount is really due, will the endorsement on the writ differ from the face of the writ. Cf. Griffith v. Jones, 3 N.J.L. [*]932 (Sup. Ct. 1812); Marsh & Vogel Forms, 4 N.J. Practice § 1983; cf. N.J.S.A. 2:27-318, repealed. Without dealing with executions generally, we may in any event say we see no reason to open the door a little wider to the hazards of such loose practices, by allowing judgments to be entered as to unmatured claims. Cf. Blackwell v. Rankin & Lee, 7 N.J. Eq. 152, 159 (Ch. 1848).
Moreover, the entry of a judgment on a cause of action before it accrues is an anomaly and therefore misleading to any person, including creditors or prospective creditors, searching the judgment docket. So as not to impair the credit of the borrower unfairly in connection with such a judgment, the practice in Philadelphia is to place a notation on the judgment rolls to the effect that the judgment has been entered only as security before default. See Note, supra, 102 U. Pa. L. Rev., at 534. We have no such practice in this State, and as a result the judgment is (as stated) misleading. It might be noted, in passing, that N.J.S.A. 2:70-3 declaring a judgment on a bond "shall" be entered for the penalty thereof  another form of misleading judgment  was repealed in 1952. N.J.S. 2A:55-3.
A judgment on an unmatured claim is not only misleading, but more important than that, it provides the lender with a strong in terrorem security device, namely, of being able to threaten immediate execution on the slightest default  with the prospect of a judicial sale at which the creditor may buy in at a very favorable price.
*422 Warrants to enter judgment, though they are devices of the common law, 3 Blackstone's Commentaries 397, 2 Chitty's General Practice (1st ed.), p. 333, are to be regarded strictly; for through a warrant the debtor seeking a loan bargains away a very precious right, his right to a day in court. Modern Security Co. of Philadelphia v. Fleming, 6 N.J. Misc. 730, 732 (Sup. Ct. 1928). Moreover, as Chief Justice Kirkpatrick in Diament v. Alderman, 7 N.J.L. 197, 198 (Sup. Ct. 1824) said, the method by which judgments by confession are entered is "the loosest way of binding a man's property that ever was devised in any civilized country."
In the light of these various considerations, we will follow Modern Security Co. of Philadelphia v. Fleming, 6 N.J. Misc. 730 (Sup. Ct. 1928), supra, and American Auto Finance Co. v. Miller, 123 N.J.L. 1 (Sup. Ct. 1939), supra, and hold that a judgment by confession should not be entered under R.R. 4:57-2 except upon a debt that has matured. We do not consider whether subsequent creditors can on that account have the judgment vacated; it is sufficient here to say that it will be vacated on the motion of the judgment debtors themselves. We might add, too, that no conflict of laws question is presented by the record or the briefs and that we find it unnecessary to consider questions raised as to usury (we were informed, off the record, that the papers were signed and the loan made in Pennsylvania).
We conclude, therefore, that the inclusion in the judgment of $1,758 principal which was not payable, and a fortiori $324 for unearned interest, was improper. Special mention should be made of the $324 included in the judgment for an attorney's fee. The bond authorizes an attorney's fee only if "necessary * * * to enforce judgment" (italics added) on the bond. Reading the bond and mortgage together, we find no such necessity in the absence of a default in the payment of one of the installments. By the time such a default occurs, some of the principal might have been paid off by the debtors. Plaintiff's counsel concedes that he is entitled to only 15% on the balance then due, and that he would never issue execution for any more than this. In fact *423 15% was taken not only on the $1,758 cash loaned, but also on the three years' interest of $324 not earned, as well as on the items of $54, $15, $4 and $5 above set forth. Plaintiff's counsel has the notion that his client was entitled to a judgment to the extent of $324 as security for his own possible fee. Obviously not. Indeed the inclusion of the attorney's fee in the judgment was grossly improper (although it should be noted that the trial court expressly stated that it in no way questioned the integrity of plaintiff's counsel).
Under a former statute, N.J.S.A. 22:1-13, such a fee has been held illegal. Huck-Gerhardt Co. v. Parreca, 9 N.J. Misc. 563, 566 (Sup. Ct. 1931). Cf. N.J.S.A. 17:16B-6(a)(4) allowing an attorney's fee not exceeding 15% of the amount "due and payable." We need not pursue the matter further, nor stop to consider the effect of R.R. 4:55-7.
This disposes of the $1,758 principal, the $324 interest and the $324 attorney's fee. There obviously was no basis for including in the judgment the charges for $54, $15, $4 and $5, above specified. The judgment was therefore properly vacated.
Affirmed.