SUPERIOR FINANCE CORPORATION, PLAINTIFF-RESPOND-
ENT, v. JOHN A. McCRANE MOTORS, INCORPORATED,
ET AL., DEFENDANTS-APPELLANTS.

Argued May 8, 1935—Decided October 1, 1935.

Before Justices TRENCHARD, HEHER and PERSKIE.

For the appellants, *Cohn & Kohlreiter.*

For the respondents, *Feder & Rinzler.*

The opinion of the court was delivered by

PERSKIE, J. The trial judge of the Passaic District Court,
relying on the opinion of this court in which a former judg-
ment of *no cause of action,* on the same same issues between
the same parties, was reversed (11 *N. J. Mis. R.* 857; affirmed
solely by reason of an equally divided court, 113 *N. J. L.*
514; application for reargument denied, motion No. 36,
October term, 1934, Court of Errors and Appeals), directed
a verdict in favor of the plaintiff and against the defendants.

Appellants, who were the defendants below, filed fifty-four
specifications of determination with which they are dissatis-
fied in point of law. They are argued under four points,
substantially as follows: (1) That the trial court erred in
refusing to permit in evidence the conditional sales contract;
(2) that the trial court erred in refusing to permit proof to
substantiate the defense of plaintiff's failure to properly

repossess and resell the automobile, which was the subject-matter of the note and the conditional sales agreement, in the manner provided by chapter 210 (*Pamph. L.* 1919, *p.* 461), and thus they were relieved from liability in the premises. (Under this point specifications 5 to 53, inclusive, are argued.) (3) That the trial court erred in denying the motion for a directed verdict in their favor; (4) that the trial court erred in granting appellee's motion for a directed verdict in its favor. It is stated "that the court's refusal to grant appellants' motions, therefore, forms. the major portion of appellants' specifications of determination with which it is dissatisfied in point of law." Thus we have before us exactly the same question which received our consideration and determination on the reversal of the first judgment of no cause of action, namely, did the note and the conditional sales agreement constitute but one obligation, or, did the note, in issue, constitute an obligation independent of the conditional sales agreement?

This court, in its opinion, 11 *N. J. Mis. R.* 857, among other things said: "The points argued are in substance that the conditional sales agreement was irrelevant to the issue, that it was improperly submitted to the jury for consideration * * *" and "* * * there was error in the instruction to the jury by the judge with respect to the effect of the conditional sales agreement as a defense to the action of the note. There was no proof showing that the note and the agreement, which were received in evidence, had any relation in a contractual sense the one to the other." It is argued, in effect, that we should now hold that it was error for the trial judge to follow the opinion of this court. The Court of Errors and Appeals did not so hold. The trial judge relied, and properly so, on the opinion of this court; and this court is, of course, bound by its own opinion.

It would perhaps suffice to stop at this point. But it is strongly argued: *First,* that the endorsement on the note of the following sentence: *"This note covers deferred installments under a conditional sale contract made this day between payee and maker thereof,"* is very strong proof of the fact that the conditional sales agreement was part of the note in

question. There are at least two dispositive answers to this contention. (1) The quoted wording on the note was before us on the first appeal; (2) the wording employed does not justify the conclusion that the conditional sales agreement was to be a part of the note. If it were so intended it was, of course, a simple matter to so state it. The mere reference to the conditional sales agreement is not sufficient to make it part and parcel of the obligation represented by the note for all purposes. If it becomes part of the note at all it does so only for the purpose specified.

In the case of *Guerini Stone Co.* v. *P. J. Carlin Construction Co.*, 240 *U. S.* 263, 264; 60 *L. Ed.* 636, it was held that a reference in a subcontract to the general contract for a particular purpose makes it a part of the subcontract only for the purpose specified. This rule of construction is followed by our courts. See *Ingersoll-Rand Co.* v. *United States Fidelity, &c., Co. (Court of Errors and Appeals)*, 92 *N. J. L.* 403; *Nusbaum* v. *H. G. Harris Co. et al. (Court of Errors and Appeals)*, 98 *Id.* 567. And we have held that a detached coupon, formerly annexed to a bond, is a simple contract obligation wholly divorced from the bond to which it was attached. *Dickerson* v. *Wilkes Barre, &c., Railroad Co.*, 100 *Id.* 80; *affirmed*, 103 *Id.* 175. So the note here is a simple contract obligation independent of the conditional sales agreement.

*Second:* It is also argued that since the Court of Errors and Appeals, in the case of *Superior Finance Corp.* v. *P. J. McCrane Motors Co., Inc., et al.*, 111 *N. J. L.* 350, in dealing with instruments such as are involved here said, *inter alia,* *"the note was in effect a part of the conditional sales agreement, was evidential and, potentially at least, material and relevant,"* ergo, the present suit was in fact upon a guaranty and not merely upon the note and appellee was therefore obliged to prove a breach of the guaranty and the resultant damages incurred thereunder and that its failure to do so did not entitle it to a directed verdict. We think that this contention is devoid of merit. This court and the Court of Errors and Appeals in considering and determining the judgment of no cause of action, based on the first trial, had before

them the cited case. Moreover, the issues and proofs in that case are so unlike those involved in the case at bar that it is clearly distinguishable and, therefore, is not applicable.

Judgment is affirmed.