SUPERIOR FINANCE CORPORATION, RESPONDENT, v. JOHN A. McCRANE MOTORS INCORPORATED, A CORPORATION, ET AL., APPELLANTS.

Submitted February 14, 1936—Decided May 14, 1936.

For the appellant, *Cohn & Kohlreiter* (*Peter Cohn,* of counsel).

For the respondent, *Feder & Rinzler.*

The opinion of the court was delivered by

PARKER, J. This is an action on a guarantee of a promissory note, too long to be quoted at length, dated December 21st, 1925, and made by one Benny Scortino to the order of J. A. McCrane Motors Company. On the back of the note was a written guarantee signed by J. A. McCrane Motors Company and another and which reads as follows: "For value received, we, and each and all of the endorsers hereon, jointly and severally guarantees payment of principal and interest of the within note, as and when the same shall become due, and of any extensions thereof in whole or in part, accepting all its provisions, authorizing the maker without notice to us, or either of us, to obtain an extension or extensions, in whole or in part, and waiving presentment for payment, demand protest and notice of protest and non-payment; also agreeing that in case of non-payment of prin-

cipal or interest then due such arrearage may be offset by application of any amount, or amounts, whole or in part, which may be due any of us from the holder of such note and suit may be brought by the holder of this note against any one or more or all of us, at the option of said holder, whether such suit has been commenced against the maker or not, and that in any such suit, the maker may be joined with one or more or all of us, at the option of the holder, hereby waiving all exemptions and rights accrued or which may accrue by reason of entering the military or naval service or other service of the United States, or any state, under any federal or state statute now in effect or at any time hereafter becoming effective."

Without questioning or otherwise commenting on the carefully delivered opinion in the Supreme Court in this case, we think the case may be generally disposed of on a comparatively simple ground. There was a promissory note which has not been reproduced above and which makes reference to an installment sale of an automobile. The present suit, however, is not on that contract, but is on a guarantee of payment of the moneys called for by the note. This guarantee makes no reference whatever to any qualifications of the obligation to pay, but in express terms guarantees the payment of the note as and when the same shall become due.

It is now argued, as on a previous appeal, that there was error in excluding the conditional sale contract. Our view is that if it was technical error to exclude it, the error was harmless, but we do not think that it was error. The suit is on a guarantee of payment and not a guarantee of collection. To recover in such a case the plaintiff need do no more than show the existence of the debt and that the principal debtor has not paid. The fact that plaintiff did not properly pursue some agreed remedy as against the principal debtor, or did not pursue it at all, does not affect the right of recovery against the guarantor. See *Pfeiffer* v. *Crossley,* 91 *N. J. L.* 433; *affirmed,* 92 *Id.* 638; *Weiss* v. *Sullivan,* 94 *Id.* 191. Such a guaranty is quite different from a guarantee of collection. Consequently, when Scortino, the maker of the note,

defaulted and the principal of the note thereby became accelerated and due, the plaintiff was entitled to resort directly to the guarantor and owed no duty to appellant or any one else to repossess and go through the proceedings set out in any contract of sale, or even in the note. A guarantee of payment is a guarantee of payment, and the holder of such a guarantee is under no more of an obligation to exhaust his direct remedies against the maker of the note than the holder of a guarantee of payment of a mortgage bond is required first to foreclose a mortgage, which was the exact situation in *Pfeiffer* v. *Crossley, supra.*

The judgment will be affirmed.

*For affirmance*—PARKER, LLOYD, CASE, BODINE, DONGES, HETFIELD, DEAR, WELLS, WOLFSKEIL, RAFFERTY, JJ. 10.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, JJ. 2.