J. HOWARD CASE, PLAINTIFF-RESPONDENT, v. PLAIN-
FIELD TRUST COMPANY, EXECUTOR UNDER THE
LAST WILL AND TESTAMENT OF CLARA G. M. BLUME,
DECEASED, DEFENDANT-APPELLANT.

Argued May 19, 1938—Decided September 16, 1938.

For the appellant: *Reed & Crane* (*J. Henry Crane,* of
counsel).

For the respondent, *Newcorn & Newcorn* (*William Newcorn,* of counsel).

The opinion of the court was delivered by

HEHER, J. The primary subject of inquiry is the sense of a written contract entered into on November 7th, 1935, between defendant's testatrix, Blume, and plaintiff, Case, whereby Case undertook to "advance" to Blume the sum of $2,600 "on" her "promissory note * * *, payable on demand," with interest at five and one-half per cent., "for the purpose of furnishing the funds to pay" for the assignment of a tax sale certificate held by the city of Plainfield for premises situate within that municipality, and Blume covenanted to pay to the municipality "out of the loan" so made all the moneys due to it as aforesaid, and all accrued taxes, and thereupon to "retain William Newcorn for the purpose of foreclosing said tax certificate and obtaining title to the said premises, unless the said premises are redeemed by one of the interested parties, in which event the proceeds paid for redemption to the tax collector of the city of Plainfield are to be paid" to Case, and, upon the acquisition of title, to execute "a first bond and mortgage" to him for the money thus advanced, "plus such other sums as may be loaned" by him for repairs to the building, payable in three years, with interest at five and one-half per cent. per annum. It was further covenanted (paragraph 3) that, in case of Blume's death before the entry of a final decree "vesting title" to the lands in her, "the certificate of assignment, together with all moneys due thereunder," and the certificate of sale, "shall become the property" of Case, with the right to be substituted in her stead as a party to the foreclosure suit and "to continue said case to its consummation" in her name, "unless" her estate "shall reimburse" him "for the moneys so advanced by him."

The facts have been stipulated. Blume died on March 18th, 1936, prior to the entry of the final decree. Case "submitted a claim" to her executor, based upon the promissory

note, "and said claim was refused." The executor "refused to avail itself of the option given in said agreement to take title to the said property and to reimburse" Case "for the said moneys advanced by him under said agreement and represented by the note in suit." It took the position that "the note * * * was not an obligation" of the estate, "but merely represents the consideration mentioned in the agreement;" that the estate's only interest "is whether or not it elects to continue the foreclosure proceedings;" and that "whatever recourse" Case "may have is not against" the estate "but against the property itself."

Case thereupon instituted this action upon the note, and was awarded judgment. The trial judge ruled that "the agreement * * * is collateral to the note, and is not to be taken as part thereof, nor controlling upon the plaintiff's right to proceed upon the note;" that its purpose was "to safeguard the rights of the plaintiff during the progress of the foreclosure of the tax lien certificate, and is evidential of the fact that the note * * * was to be liquidated by a bond and mortgage, when and if the decedent acquired title to the property;" and that the provision, by paragraph 3, of the right of substitution of Case as the party complainant to the foreclosure suit, unless the estate should reimburse him for the moneys advanced, "in no way deprived the plaintiff of his right to proceed upon the note * * *, if he desires to do so." We concur in the result.

The agreement and the note are contemporary instruments, and, in the ascertainment of the common intention, are on well settled principles to be construed together as embodying the entire contract. *Ocean County National Bank* v. *Stillwell, 123 N. J. Eq. 337.*

The advancements so made by Case were loans in essence. Aside from the giving of a promissory note for the full amount thereof, payable on demand with interest at the mentioned rate, to be ultimately supplanted by a bond and first mortgage, they are so denominated in the written memorial of the parties' respective rights and obligations. And the

attendant circumstances are likewise confirmatory of this. On November 17th, 1922, Blume contracted for the purchase of the property, which adjoined lands she then owned, at the price of $8,500. She had paid between $3,000 and $4,000 on the purchase price when the owner died. Due to some defect in the title, real or apparent, the contract was not consummated; and, when the municipality proceeded to foreclose the tax sale certificate, issued to it at a sale held on December 28th, 1932, she sought a "loan" from Case "in order to make it possible for her to pay the city and obtain the assignment" of the certificate, with a view of foreclosure to obtain title, and thus to protect her investment. All the provisions of the contract are to be viewed, and the common design ascertained, in the light of this central, indisputable fact.

The conceded ultimate object of the scheme was to enable Blume to obtain title to the property, when Case was to be given the bond and first mortgage to secure the moneys "loaned." The language employed to express the common intention, fairly construed, exhibits a purpose to constitute the tax sale certificate a security in the event of Blume's death before the acquisition of title and the delivery of the stipulated bond and mortgage. The transfer in that case would include "all moneys due" under the certificate. In the event of the redemption of the lands by a party in interest before Blume acquired title, the "proceeds paid for redemption to the tax collector" were "to be paid" to Case. And, while the mandatory verb "shall" is used to create an automatic transfer of the certificates, and the moneys due thereunder, in case of Blume's death prior to the vesting of title in her, not in terms as security but as "the property" of Case, the provision is of necessity qualified by the context and the general object of the contract. It is to be considered in the light of the remainder of the clause providing for the substitution, in that event, of Case as the party complainant in the foreclosure suit and its prosecution by him, unless reimbursed by the estate for the "moneys so advanced."

Plainly, both as to Blume and her estate, the contract regards the certificate as a mere security. The estate is not given the option to treat it as the absolute property of Case, and thus to cancel the obligation to repay the loan. A design to make Case the contingent owner of the certificate, and, by the same token, of the realty itself, to become absolute at the option of the estate, is not to be lightly inferred; it is one that in its very nature is not to be accepted unless expressed in clear and unequivocal language. While not distinguished for clarity, this particular clause, regarded in relation to the context and the general object of the contract, and the attendant circumstances, expresses a purpose to give Case the property in the certificate as a means of satisfying the obligation in the event of the estate's failure to meet it—in other words, as a mere security.

It is well settled that the security thus given may be disregarded and suit brought on the underlying obligation. *Chodosh* v. *Schlesinger,* 119 *N. J. L.* 405; *Asbury Park and Ocean Grove Bank* v. *Giordano,* 3 *N. J. Mis. R.* 555; *affirmed,* 103 *N. J. L.* 171; *Sivade* v. *Smith,* 104 *N. J. Eq.* 528; *Polhemus* v. *Prudential Realty Corp.,* 74 *N. J. L.* 570. A contrary course is required only where the parties have so stipulated, expressly or by force of a statute incorporated in the contract. *Compare Westville Land Co.* v. *Handle,* 112 *Id.* 447.

Judgment affirmed.

*For affirmance*—The CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, CASE, BODINE, HEHER, PERSKIE, PORTER, DEAR, WELLS, WOLFSKEIL, RAFFERTY, WALKER, JJ. 14.

*For reversal*—DONGES, J. 1.