STANLEY RYBA, PETITIONER, v. ATLAS AUTOMOBILE FINANCE CORPORATION, A PENNSYLVANIA CORPORATION LICENSED TO TRANSACT BUSINESS IN NEW JERSEY, DEFENDANT.

Submitted December 31, 1938—Decided January 9, 1939.

Before Justice PERSKIE, at chambers, pursuant to statute.

For the petitioner, *Maurice S. Fayman.*

For the defendant, *David Novack.*

PERSKIE, J. This cause is before me on the return of a rule to show cause why a judgment entered upon a bond and warrant should not be opened and defendant be permitted to enter his appearance and defend the action. I am asked to declare that the judgment entered, execution issued and levy made to enforce payment thereof are null and void.

The facts are stipulated. On January 27th, 1938, petitioner, Stanley Ryba, purchased a Packard sedan from Wil-

liam Riker, Jr., for $816.20. He made a down payment of $200 and agreed to pay the balance of $616.20 in seventy-eight weekly installments of $7.90 each. Ryba executed a conditional sale contract which was assigned by the seller to the Atlas Automobile Finance Corporation, hereinafter referred to as Atlas. He also executed a bond and warrant to Atlas as obligee, in the following form:

"Know all men by these presents, that Stanley Ryba is held and firmly bound unto Atlas Automobile Finance Corporation, a corporation of the State of Pennsylvania, in the sum of Twelve Hundred Thirty-Two and 40/100 lawful money of the United States of America to be paid to the said Atlas Automobile Finance Corporation, its certain Attorney, Executors, Administrators, or Assigns, to which payment well and truly to be made I do hereby bind myself and my Heirs, Executors, and Administrators firmly, by these presents.

"Sealed with my seal, dated the 27th day of January, in the year of our Lord one thousand nine hundred and thirty-eight.

"The condition of this obligation is such, that if the above bounden Stanley Ryba, his Heirs, Executors, Administrators, or any of them, shall and do well and truly pay, or cause to be paid unto the above named Atlas Automobile Finance Corporation, its certain Attorneys, Executors, Administrators, or Assigns the just sum of $616.20 in 78 equal weekly installments of $7.90 each, the first installment to become due within one week after date, and balance of installments to be paid each and every week in succession for 78 weeks thereafter, until total balance is paid, together with fifteen percent added for collection fees in the event that it becomes necessary to enter proceedings hereon, without any fraud or further delay, then the above obligation to be void, or else to be and remain in full force and virtue.

(Signed) STANLEY RYBA (L. S.)."

The purchaser made several payments ($79) on account of the purchase price to Atlas.

On July 9th, 1938, Atlas repossessed the car with the consent of the purchaser. The car is still in possession of Atlas who concededly made no attempt to resell or otherwise comply with the pertinent provisions of our Uniform Conditional Sale law. Article 7 (Retaking Possession; Resale), *R. S.* 46 :32-22, *et seq.*

On August 29th, 1938, judgment was confessed on the bond and warrant in the penal sum of $1,232.40. The consideration alleged "was the purchase of negotiable paper" by Atlas from the seller. The amount actually due thereon was $564.63 principal, plus interest of $11.28, plus counsel fee of $84.67, or a total of $660.48. I mark the fact that neither the propriety nor the accuracy of any one of these items is questioned.

On September 2d, 1938, execution issued and levy was made upon the goods and chattels of Stanley Ryba. The latter challenged the propriety of the judgment thus entered, execution issued and levy made.

The gravamen of that challenge is that since Atlas did not comply with the stated provisions of our Conditional Sale law, Stanley Ryba was discharged "of all obligation" in the premises. *R. S.* 46 :32-19. Atlas, on the other hand, contends that the Conditional Sale law is without application in the case at bar. That contention is predicated upon the premise that the bond and warrant in issue is an obligation separate, apart and independent of the conditional sale contract. That premise, it is urged, and I think correctly so, finds controlling support in the case of *Superior Finance Corp.* v. *John A. McCrane Motors, Inc.,* 115 *N. J. L.* 401; 180 *Atl. Rep.* 842; *affirmed,* 116 *N. J. L.* 435; 184 *Atl. Rep.* 828. In that case, although the note contained a reference to the fact that it was to cover deferred installments under the conditional sale contract between the payee and maker thereof, the Supreme Court held that this reference was not sufficient to make the conditional sale agreement part and parcel of the obligation of the note for all purposes, and that the note was a simple contractual obligation and independent of the conditional sale agreement. Our Court of

Errors and Appeals, "without questioning or otherwise commenting" upon that holding, based its affirmance thereof upon the ground that the suit was on a guarantee of payment of moneys called for by that note and not on the conditional sale contract.

In the case at bar it will be seen that the bond and warrant is in usual form and, unlike the note in the case of *Superior Finance Corp.* v. *John A. McCrane Motors, Inc., supra,* contains no reference whatsoever to the conditional sale contract between the seller and buyer. Each instrument is separately executed and each is a complete, separate and binding undertaking.

In answer to the argument that this result leads to an unjust enrichment Atlas concedes that when judgment was entered upon the bond and warrant its right to retake or repossess the car under the conditional sale contract terminated; that it is now limited to recovery upon the judgment. *R. S.* 46:32-18, and that it merely holds the car as agent or bailee of the buyer and as such holder it has a lien thereon, under our Uniform Sale of Goods law, for the balance due it on its judgment. *R. S.* 46:30-61. But be that as it may, it seems to me that Stanley Ryba, as obligor, was clearly liable to Atlas, as obligee, on his bond and warrant.

Accordingly the rule to show cause is dismissed.