GANG & GANG, INC., TRADING AS FURNITURE FACTORIES OUTLET, PLAINTIFF-APPELLANT, v. ALEX ROGALSKY AND NELLIE ROGALSKY, DEFENDANTS-RESPONDENTS.

Submitted October 6, 1939—Decided February 13, 1940.

Before Justices Trenchard, Case and Heher.

For the plaintiff-appellant, *Aaron Heller*.

The opinion of the court was delivered by

Case, J.  Plaintiff filed a state of demand containing three counts, the first on a book account, the second on an account stated and the third on *quantum valebant*.  All of the counts were variations of the same claim and each set forth an original debt of $674, upon which $175 had been paid, leaving the sum due $499.  There was evidence from the plaintiff itself that the claim actually grounded in a conditional sales contract for the sale of household furniture at the price of $674, upon which $175 had been paid and $499 was unpaid.  It appeared clearly from the evidence that plaintiff had repossessed itself of the furniture and had not resold.  The judge, sitting without a jury, found that the furniture had been surrendered to plaintiff without reservation and that notwithstanding the diverse forms of claim set up in the state of demand the issue at the trial had been resolved into the question of the amount due on the conditional sales contract.  The court further found that the plaintiff had not created a deficiency by the sale of the goods as required by the statute and that it was therefore barred from recovery.  So much of the court's finding as was of fact had support in the proofs.  So much of it as was a statement of law is sustained by *R. S.* 46:32-22, particularly sections 28 and 30, by the terms of which a seller, subsequent to retaking, may hold the buyer for an unpaid balance only after resale and upon the further conditions enumerated in the statute.

Our disposition of the foregoing question makes unnecessary the consideration of the other matters presented upon appellant's brief.  The brief submitted on behalf of respondents is not signed by a counselor-at-law as required by Supreme Court Rule 161 and is therefore suppressed.

The judgment which has been appealed from will be affirmed.