FIDELITY ACCEPTANCE CORPORATION, APPELLANT, v.
EARL ALLOWAY, RESPONDENT.

Submitted October 7, 1941—Decided December 30, 1941.

Before Justices, PARKER, DONGES and COLIE.

For the appellant, *Albert B. Melnik.*

For the respondent, *James M. Davis, Jr.*

PER CURIAM.

Confessed judgment on bond and warrant was entered in favor of the plaintiff in the District Court. On defendant's application the judgment was opened and a trial was had, followed by a judgment for defendant, from which plaintiff appeals. It appeared from the evidence that the facts were substantially similar to those in the case of *Ryba* v. *Atlas, &c., Corp.,* 121 *N. J. L.* 478, namely, sale by a dealer named Riker of a second-hand automobile on the installment plan: a conditional contract of sale assigned by Riker to the appellant: a bond and warrant in general form, naming the present appellant as obligee, conditioned for the payment of $429 in weekly installments of $5.50 each, and making no reference to any other contract: and entry of judgment on the bond and warrant for $278.16, the amount stated in the usual affidavit. As in the Ryba case, the car was repossessed by appel-

lant, apparently at the instance of the purchaser. There is nothing in the case to show that the car was resold. The court below said it seemed improbable that appellant still had the car: but probabilities are not usually evidential.

The point is made here that as the conditional sale contract and the bond and warrant were printed on the same sheet of paper, with a line of perforations between them to facilitate physical separation, they should be regarded as one instrument. This fact was noted, but not discussed, by the court below. We think the point is covered, and adversely to the respondent, by the case of *Superior Finance Corp.* v. *John A. McCrane*, 115 *N. J. L.* 401; affirmed, in 116 *Id.* 435. The two instruments were separate contracts. It would seem to follow therefore, that any obligation under the contract of conditional sale to re-sell in order to lay the foundation of a suit for deficiency thereunder, was irrelevant to the definite and unconditional obligation to pay according to the terms of the bond. And this was so decided in effect in the concluding sentence of the opinion in the Ryba case.

The judgment will therefore be reversed: and there being no dispute as to the essential facts or the amount, judgment will be entered for the appellant in this court for the amount of the confessed judgment below, with interest and costs.

*R. S.* 2:32-214; *Hurey* v. *Leavitt*, 93 *N. J. L.* 299, and cases cited.