21 N.J. Super. 1 (1952)
90 A.2d 505
VETERANS LOAN AUTHORITY, PLAINTIFF-APPELLANT,
v.
THOMAS V. ROZELLA AND WIFE, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued June 9, 1952.
Decided June 27, 1952.
*2 Before Judges EASTWOOD, BIGELOW and FRANCIS.
Mr. Paul Colvin argued the cause for the appellant.
Mr. Nelson K. Mintz argued the cause for the respondents (Mr. Milford Salny, attorney).
The opinion of the court was delivered by BIGELOW, J.A.D.
This appeal was argued upon an agreed statement in lieu of record. Upon our suggestion, counsel consented that the statement be supplemented by the pleadings *3 and the promissory note on which the action was brought, and the conditional sale agreement which was security for the note.
Thomas V. Rozella bought from Barney's Furniture Co., household furnishings for $433, paid $13 on account and agreed to pay the balance, with interest, in monthly instalments of $24.08 each. Title was retained by the buyer and a conditional sale contract was executed. At the same time, Rozella gave to the seller a promissory note for the same amount and containing the same terms. The note contains no reference to the conditional sale contract, but the latter states that the buyer's agreement to pay is "evidenced" by the note and that the note is "an instrument separate and apart from this contract." Barney's immediately sold the contract and the note to the Second National Bank of Paterson. In time, Rozella defaulted in the payments due and the bank elected, pursuant to the terms of both instruments, that the unpaid balance become immediately due and payable. Next, the bank, by its agent, repossessed the chattels that were the subject of the sale and resold them at private sale to Barney's for $79.15. Later, the bank assigned the contract and the note to the plaintiff.
The action is brought against Rozella and his wife on the note for the unpaid balance of $237.99, as stated in the complaint. Mrs. Rozella was joined as an endorser. The defendants answered that the note had been paid, and filed a counterclaim in the nature of a set-off in which they alleged that the retaking and the private resale had discharged the debt. The court, sitting without a jury, found that the debt evidenced by the note had been paid and so rendered judgment for the defendants. We find no error in this action.
The buyer, Rozella, had not paid at least 50% of the purchase price of the furnishings at the time of the retaking, and therefore R.S. 46:32-26 (§ 20 of the Uniform Conditional Sales Act) became applicable. The bank might either retain the chattels as its own or resell for the account of the buyer. But if it chose to resell, it must do so "in *4 the manner, at the place and upon the notice prescribed" by R.S. 46:32-25, that is, at public auction, on notice to the buyer. Stark & Son v. Licastro, 127 N.J.L. 380 (Sup. Ct. 1941). R.S. 46:32-29 provides that "where there is no resale, the seller may retain the goods as his own * * * and the buyer shall be discharged of all obligation." Gang & Gang, Inc. v. Rogalsky, 124 N.J.L. 207 (Sup. Ct. 1940). The seller, in lieu of money, keeps the goods and in this manner the debt is satisfied. In our case, the bank resold, but not at public auction or on notice to the conditional vendee. That was not a resale within the intent of § 29, which must be taken to mean a resale in the manner prescribed by § 25. The bank sold for its own account and not for the account of Rozella. Since the bank, by the private sale to Barney's, put it out of its power to resell for Rozella's account in accordance with the statute, the bank must be considered to have elected to retain the goods and to discharge the buyer of the debt evidenced both by the conditional sales contract and by the note.
Thereafter, the bank assigned the note and the contract to the plaintiff, and the plaintiff stands in no better position than the bank, for the plaintiff took after default and with full knowledge of the facts.
It is well settled that the holder of a promissory note may recover thereon without first resorting to property held as security and without giving credit on the note for the value of the security. Case v. Plainfield Trust Co., 121 N.J.L. 239 (E. & A. 1938). But where the holder of the note has resorted to the collateral and by his dealings therewith, has discharged the debt which the note evidences, that fact defeats any action on the note. 72 C.J.S., Pledges, § 55 (d). The plaintiff argues to the contrary, relying on Superior Finance Corp. v. McCrane Motors, Inc., 115 N.J.L. 401 (Sup. Ct. 1935), affirmed 116 N.J.L. 435 (E. & A. 1936). There the guarantors of a note that was secured by the conditional sale agreement of an automobile, appealed from a judgment against them. The former Supreme Court, affirming, *5 noted that the appellants argued "that the trial court erred in refusing to permit proof to substantiate the defense of plaintiff's failure to properly repossess and resell the automobile, which was the subject-matter of the note and the conditional sales agreement, in the manner provided by" the Conditional Sales Act, "and thus they were relieved from liability in the premises." But the court, in its opinion, did not expressly consider or even mention again this argument. Our then court of last resort, affirming in its turn, said the plaintiff owed no duty "to repossess and go through the proceedings set out in any contract of sale." The facts which were the basis of the litigation and the ground of decision, are not stated with sufficient clarity to justify our using the case as a guide to the determination of the appeal before us.
Fidelity Acceptance Corp. v. Alloway, 127 N.J.L. 450 (Sup. Ct. 1941) is also cited. But in that case there was no evidence of a resale of the automobile which had been repossessed by the holder of the note, and  we assume  no evidence that the holder had elected to retain the car in satisfaction of the debt.
The judgment is affirmed.