FOGEL REFRIGERATOR CO., PLAINTIFF, v. ROSE C. LAMB AND MATTHEW THYSSEN, JOINTLY, SEVERALLY OR IN THE ALTERNATIVE, DEFENDANTS.

Cape May County District Court

Decided July 8, 1952.

*Messrs. Snyder and Harris,* attorneys for plaintiff.

*Mr. Albert M. Ash,* attorney for defendant-counterclaimant.

TENENBAUM, J. C. C. Plaintiff instituted suit upon a note made by the defendants to the plaintiff in the sum of $1,476, dated June 19, 1950, which was payable in equal successive monthly installments of $41, the first payment beginning August 7, 1950, and bearing interest at the rate of 6% per annum on the unpaid balance. Service of process was made upon the female defendant, and the suit proceeded against her alone.

The defendant made three monthly installment payments of $41 each and thereafter ceased reducing the obligation; the note recited, "Upon non-payment of any installment at its maturity, all remaining installments shall become immediately due and payable."

The complaint, as amended, acknowledged a credit to the defendant of $123, leaving a balance of $1,353.50, and in order to bring the controversy within the jurisdiction of this court waived the amount in excess of $1,000.

The defendant admits the execution of the note and contends that it was a part of an executed conditional sales contract. She advances five separate defenses, which in summary are: that the plaintiff took possession of the chattel and failed to make sale thereof under the provisions of the Uniform Conditional Sales Act, and thus she is discharged of further liability; additionally, at the time of the trial she was permitted to amend her answer to include the separate defense of satisfaction of any unpaid balance by repossession.

The female defendant advances a counterclaim in which she seeks damages from the plaintiff for failure to resell or to comply with the provisions of *R. S.* 46:32–24 to 46:32–27, 46:32–29.

At the trial the undisputed testimony adduced the making and delivery of the note and the delivery of the chattel, which was a refrigerated beverage dispenser; that she sold her

business and equipment to another, who was dissatisfied with the operation of the equipment involved and so informed the plaintiff; that the chattel had been removed from the interior of the building on the premises and was stored about the exterior thereof under some form of protective covering, from whence it was taken into the plaintiff's possession; that the chattel is still in the plaintiff's possession and that there was no resale thereof.

The testimony is in conflict as to whether the plaintiff repossessed the chattel in satisfaction of its claim, or whether it was taken into its possession to protect it from deterioration. Plaintiff strongly urges the latter position, and upon this theory seeks to escape the necessity for complying with the Uniform Conditional Sales Act relating to resale.

The plaintiff had the undisputed right to repossess the chattel. Having done so, could it retain the equipment and institute suit without first having made sale of the chattel?

The Supreme Court in a *per curiam* opinion, *General Electric Contracts Corporation v. Band*, 186 *A.* 684 (*Sup. Ct.* 1936) (*not reported in the state reports*), dealt with a situation which involved the sale of an electric refrigerator upon a conditional sales contract providing for monthly install-ment payments. There was a default in the payments and thereupon the vendor's agent informed the vendee that it proposed to repossess the refrigerator and recover the unpaid balance. Notwithstanding the statement, there never was any actual repossession. The court held:

"The fact that the seller has other remedies does not limit or de-feat his right to insist upon the payment of the price by the buyer. This right could only be limited in the event he actually retook physical possession of the refrigerator, and in that event, he would still have a right to resell the refrigerator, purchase at his own sale, and hold the buyer liable for any deficiency, including all expenses incurred in the transaction."

Some four years after the opinion in the case cited above, the then Mr. Justice Case, speaking for the Supreme Court in *Gang and Gang v. Rogalsky*, 124 *N. J. L.* 207, 11 *A.* 2d

239 (*Sup. Ct.* 1940), held that where the conditional vendor had repossessed the furniture sold under a conditional sales contract and where less than 50% of the purchase price had been paid and/or less than $500 had been paid, the conditional vendor was obliged to sell the chattel and create a deficiency before the institution of suit.

The plaintiff in its argument laid great stress upon the fact that this is a suit on a note and not upon a conditional sales contract, and that the defenses advanced under the Uniform Conditional Sales Act are not available to her, nor may she assert them affirmatively in her counterclaim. This may be so as to the defenses. *Superior Finance Corporation v. John A. McCrane Motors,* 160 *A.* 341 (*Dist. Ct.* 1932), 168 *A.* 774 (*Sup. Ct.* 1933) (*not reported in the state reports*), 113 *N. J. L.* 514, 174 *A.* 891 (*E. & A.*) and 115 *N. J. L.* 401, 180 *A.* 842 (*Sup. Ct.* 1935). However, this holding does not obtain where a counterclaim is asserted—it being the only mode of aggressive attack open to the defendant.

I am unable to find any authorities, and none have been submitted to me, which permit a conditional vendor to take into its possession a chattel sold under a conditional sales contract and retain it under the theory of "protective custody" and institute suit for the unpaid balance while the chattel is being so retained. The right to sue upon the note in this instance, or upon the conditional sales contract for the unpaid balance, remained absolute in the plaintiff. It was not obliged to repossess or "protect in its custody" the chattel, but once having elected the latter course, it was compelled to proceed under the provisions of the Uniform Conditional Sales Act.

██ I find that the plaintiff having failed to make sale of the chattel and establish a deficiency; it cannot recover upon its claim, and that the defendant having failed to prove any monetary damages under its counterclaim can have no recovery thereunder. Hence, I find a judgment of no cause of action on the plaintiff's claim and the same result upon the defendant's counterclaim.