EMMA McCABE, APPELLANT, v. STANDARD MOTOR CON-
STRUCTION COMPANY (A BODY CORPORATE OF NEW
JERSEY), RESPONDENT.

Submitted May 31, 1929—Decided October 14, 1929.

For the respondent, *David F. Edwards*.

For the appellant, *Francis A. Castellano, Jr.*

The opinion of the court was delivered by

Kays, J.   This is an action at law brought in the New
Jersey Supreme Court at the Hudson Circuit by the plaintiff
against the defendant to recover the purchase price of a
marine engine and damages covering the expense of install-
ing the same in a boat of the plaintiff.   The case was tried
before his honor, Judge Ackerson, Circuit Court judge, with
a jury at the Hudson County Circuit on November 28th,
1927.   The judge ordered a nonsuit and the defendant in
open court withdrew its counter-claim and consented thereto.
The nonsuit was granted on two grounds.   First, upon the
theory that the sale was of a specified article manufactured
by the defendant company under a patent or a trade name,
and that, therefore, there was no implied warranty arising
out of the sale in question.   Second, upon the theory that by
written agreement between the parties the whole obligation
of each of them was therein expressed and could not be modi-
fied in any way except in writing agreed to between the
parties.   The plaintiff, however, claimed that the engine which
she purchased was not a proper one to operate the boat in
which it had been installed although an agent of the defend-
ant company had represented to the plaintiff that the engine
which she purchased would properly operate the boat.

The testimony in this case discloses that the president of the defendant company received a telephone communication from the plaintiff and as a result of such communication sent an agent of the company, named Haymann, to call upon the plaintiff and explain the various size engines which the defendant company carried and the prices of the same. It was contended by the plaintiff that this man Haymann represented to her that the engine which she purchased was suitable for the purpose for which the plaintiff desired to use it. The agent, Haymann, after having been informed by the plaintiff of the purpose which the plaintiff desired to purchase the engine, went with her to inspect the boat in which she intended to install it for the purpose of determining whether the particular engine, which she, the plaintiff, contemplated buying, would be the proper size for her boat. After an examination of the boat by the said agent Haymann, he advised the plaintiff that the engine would not be too large for her boat. Relying upon this advice the plaintiff claims that she entered into the contract to purchase the engine described in this instrument. The contract provided, among other things, as follows: "The foregoing proposal is subject to the approval of an executive officer of the Standard Motor Construction Company and shall not be binding upon it until so approved, all pre-communications between the parties hereto, whether verbal or written, with reference to the subject-matter of this proposal are hereby abrogated, and this proposal duly accepted and approved constitutes the sole agreement between the parties hereto as to the subject-matter hereof, and no modification of this agreement shall be binding upon the parties hereto, or upon either of them, unless such modification shall be in writing duly accepted by the purchaser and approved by an executive officer of the company." This contract was thereupon submitted and signed by the Standard Motor Construction Company on April 7th, 1926, by Eugene A. Biotte, president, and accepted in the following words: "The foregoing is hereby accepted at the price and upon the terms and conditions named therein." Dated April 6th, 1926, and signed Mrs. James McCabe. There appears to be no dispute that the engine delivered to the

plaintiff was the one described in said contract, and it further appears that Mrs. James H. McCabe is the Emma McCabe, the plaintiff in this suit.

The first ground upon which the nonsuit was ordered by the trial court was that there was no implied warranty arising from the sale of a specified article manufactured under a trade name. It may be that the contention of the appellant is correct in respect to this ground. If the defendant manufactured only a certain engine of a specific size and character the conclusion of the court below would have been proper. But the proofs show that it manufactured engines of different sizes and there may have been an implied warranty that the engine of the size which was purchased was the proper size engine to be installed in the boat of the plaintiff.

The second ground upon which the court below granted the nonsuit dealt with the terms of the contract itself. That is, that by the very terms of the agreement all implied warranties were excluded. The contract as above stated is in the form of a proposal and acceptance, clearly stated, and when so proposed and accepted constituted the sole agreement between the parties unless modified in writing and agreed to by both the vendee and an executive officer of the vendor company.

We are, therefore, of the opinion that the agreement with this provision in it constituted the sole agreement between the parties and that the court below was justified in granting the nonsuit upon this ground. This being so, an implied warranty would have no place or effect in this case as all implied warranties were by its very terms excluded. This rule was very clearly laid down in the case of *Naumberg* v. *Young*, 44 *N. J. L.* 331, 343, &c.

The judgment below is therefore affirmed, with costs.

*For affirmance*—THE CHIEF JUSTICE, TRENCHARD, PARKER, BLACK, CAMPBELL, LLOYD, CASE, BODINE, WHITE, VAN BUSKIRK, McGLENNON, KAYS, DEAR, JJ. 13.

*For reversal*—THE CHANCELLOR, KALISCH, HETFIELD, JJ. 3.