CHARLES GLASSER, PLAINTIFF, v. DODGE BROTHERS CORPORATION, A FOREIGN CORPORATION, DEFENDANT.

Decided November 30, 1932.

For the plaintiff, *Morton C. Steinberg.*

For the defendant, *Reginald V. Spell.*

LAWRENCE, J.   This suit was submitted to me, without a jury, at the Ocean Circuit, for the determination on a stipulation of facts.   On October 28th, 1930, plaintiff purchased of the local selling agents of the defendant, at Lakewood, a commercial truck manufactured by it, under a conditional sales contract.   He made the required down payment, took it into his possession and used it until January 15th, 1931, when, while driving it along a highway, suddenly and without warning the drive shaft, which connects with the transmission, fell to the ground, causing the vehicle to be caught in such a position as to force it over and damage it. Plaintiff alleges that defendant warranted and represented that the truck was fit and proper to be used for commercial purposes, without any defect in its construction such as caused the accident stated, and he seeks to recover the cost of the repairs.   In a second count in the complaint, the introductory matter in the first count is repeated and the allegation is made that by reason of the defective, inferior and poor workmanship and labor, and because of the inferior and defective material and construction of the truck, the accident occurred, causing plaintiff to go to the expense of hiring another truck and to lose certain business of a profitable nature that he otherwise would have had.

Defendant denies liability and rests its case on the terms of the conditional sale contract, under the authority of *McCabe* v. *Standard Motor Construction Co.,* 106 *N. J. L.* 227; 147 *Atl. Rep.* 466.   An examination of the contract discloses that plaintiff acknowledged delivery and acceptance of the vehicle, with the equipment "in its present condition, after thorough examination" and without any express or implied warranties unless written thereon, and there were none. It is evident, therefore, that the case in its general aspect is similar factually to the cited case which apparently controls.

Counsel for plaintiff, however, argues that *Heckel* v. *Ford*

*Motor Co.,* 101 *N. J. L.* 385; 128 *Atl. Rep.* 242, applies. But that was a case sounding in negligence, in which it was held that the manufacturer of an article, not inherently dangerous, yet may become so when put to an intended use, owes to the public the duty of employing care, skill and diligence in its manufacture and of using reasonable diligence to see that it is reasonably fit for the purpose for which it is intended. A contractual relation, in such circumstances, it was pointed out, is not necessary to charge responsibility. Here the complaint is grounded on an implied breach of warranty of fitness arising out of the conditional sale agreement which expressly precludes such implication.

Plaintiff having misconceived his cause of action, it follows that a judgment of no cause, so far as the present suit is concerned, should be entered in favor of defendant.