SCHLOSSMAN'S, INC., A CORPORATION, PLAINTIFF-APPELLANT, v. WILLIAM RADCLIFFE, DEFENDANT-RESPONDENT.

Argued November 21, 1949—Decided January 9, 1950.

*Mr. Abraham P. Bab* argued the cause for the appellant.

*Mr. Lawrence Friedman* argued the cause for the respondent (*Mr. Saul G. Schulter,* attorney).

The opinion of the court was delivered by

ACKERSON, J.  Judgment in this case was entered in the Hudson County District Court, Part 5, on June 15, 1949, in favor of the defendant and against the plaintiff both on the main case and on defendant's counterclaim, and plaintiff's appeal therefrom to the Appellate Division of the Superior Court has been certified here on our motion.

Defendant, acting through his wife, engaged the plaintiff, an upholsterer, to make slip covers for certain pieces of. defendant's furniture at a lump sum price which included material and labor.  Plaintiff based its action on a written instrument which it claimed embraced all of the terms of the foregoing transaction and, asserting performance, sought recovery of the unpaid balance of the price alleged to be due thereunder.  The counterclaim averred that plaintiff had agreed to make the covers in a workmanlike manner and of first-class material, but they were made in such an unworkmanlike manner and of such inferior material that in a short

time they shrank, broke at the seams and did not properly fit the furniture.

The dispositive question presented by this appeal is whether or not the trial court erred in admitting parol evidence of an express warranty that the material selected for the covers was a washable fabric.

Plaintiff produced the writing in question and it was marked in evidence. It consists of a single sheet of paper. One side thereof entitled "Statement of Transaction" bears the date June tenth, and recites, *inter alia,* the names of the parties, the pattern and color of the material to be used in the fabrication of the covers, the pieces of furniture to be covered, the price, the credits and the balance due with provision for its payment in monthly installments. There are no signatures on this side of the paper. The reverse side is designated "Chattel Mortgage" and immediately below this descriptive title the following statement appears:

"Details appearing on the reverse side and in attached sales or service tickets are part of this contract. They indicate the materials furnished and the services to be performed by Schlossmans Inc. * * *, together with the credit service charge and all taxes due under this contract.

"* * * the Purchaser has this day engaged the Seller to reupholster the items of furniture indicated on the reverse side hereof and further to furnish the necessary material and equipment incidental thereto, * * *."

Then appear the further provisions for securing the payment of the balance of the purchase price by mortgaging the furniture to be re-covered. Below this, on the same side of the instrument, the following statement appears: "THIS IS OUR ENTIRE AGREEMENT, and cannot be changed orally," followed by the signatures of the defendant and his wife who negotiated the transaction with the plaintiff and executed the instrument in defendant's behalf and with his consent. It should also be noted that nowhere, on either side of this paper, is there any mention of a warranty of any kind.

Only one witness was produced at the trial, the wife of the defendant. When testifying as plaintiff's witness she ad-

mitted signing the "contract" for her husband, the production and delivery of the covers, and that certain payments were made on account thereof. It was then agreed that if the plaintiff prevailed, the balance due was the amount claimed in the complaint. When called by the defendant she was permitted to testify, over the objection of plaintiff's attorney, that during the negotiations for the covers she told the salesman she wanted washable covers and he assured her that the material was cotton gabardine and was a washable fabric. She further testified that after using the covers for several months she washed them and *"as a result of the washing"* they shrank to an extraordinary degree, broke at the seams, and no longer fit the furniture. There is no testimony that defendant found any fault with the covers except as to the result of their being washed.

The trial judge, sitting without a jury, made the following determination: "It is my opinion that this instrument is not the contract of sale [of the covers] but is what it is called, a chattel mortgage. The contract of sale between the parties appears to be an oral one, and from the testimony adduced I find as a fact that Mrs. Radcliffe [defendant's wife] did order, on behalf of her husband, certain slip covers stating that they must be washable and that defendant's agent sold them to her with the *expressed warranty* that they were washable, that she did wash them, and they shrank to such a degree that they could not be further used for her furniture."

We are not in accord with this interpretation and limited application of the instrument in question, nor with the admission of the challenged testimony. The only safe criterion of the completeness of a written contract as a full expression of the terms of the parties' agreement is the instrument itself. If it purports to contain the whole agreement, and it is not apparent from the writing itself that something is left out to be supplied by extrinsic evidence, parol evidence to vary or add to its terms is not admissible. *Naumberg v. Young,* 44 *N. J. L.* 331, 339 (*Sup. Ct.* 1882) ; *Ross v. Orr,* 3 *N. J.* 277 (1949) ; *Van Dusen Aircraft Supplies, Inc., v. Terminal Construction Corp.,* 3 *Id.* 321 (1949).

█ The writings, on both sides of the aforementioned paper, involve the same parties, were apparently made at the same time and as part of the same transaction. The side bearing the caption "Chattel Mortgage" not only refers to but also incorporates therein the details of the transaction appearing on the reverse side as being "part of this contract." Under such circumstances the settled rule is applicable, that where several writings are made as part of one transaction, relating to the same subject matter, they may be read together as one instrument, and the recitals in one may be explained, amplified or limited by reference to the other—the one draws contractual sustenance from the other. *Schlein v. Gairoard,* 127 *N. J. L.* 358, 360-361 (*E. & A.* 1941); 12 *Am. Jur.* (*Contracts*), § 246, *p.* 781; 49 *Am. Jur.* (*Statute of Frauds*), § 393, *p.* 697.

█ Applying the principle of this rule we conclude that the agreement for the production and sale of the slip covers does not rest in parol. On the contrary, all of the essential terms thereof are contained in the instrument before us, although in one part it also purports to serve the further purpose of securing payment for the covers by mortgaging the pieces of defendant's furniture for which they were to be made.

██ No principle is more firmly imbedded in our law than that which declares that in the absence of fraud or illegality (not alleged here), where a written agreement is complete on its face, oral testimony will not be permitted either to contradict it, or to supply terms with respect to which the writing is silent. In such a case the writing must be accepted as the full expression of the agreement of the parties. *Castelbaum v. Wolfson,* 92 *N. J. L.* 165, 167 (*E. & A.* 1918); *Naumberg v. Young, supra; Ross v. Orr, supra; Van Dusen Aircraft Supplies, Inc., v. Terminal Construction Corp., supra.* In consonance with this principle it is also settled that parol evidence of a warranty made prior to or contemporaneously with the writing will not be admitted to add to or vary such a writing, nor will a warranty be implied therein where, as here, the contract by its very terms is made the "entire agreement," between the parties which "cannot

be changed orally." *McCabe v. Standard Motor Construction Co.,* 106 *N. J. L.* 227 (*E. & A.* 1929) ; *Naumberg v. Young, supra,* 44 *N. J. L. page* 343 ; 46 *Am. Jur.* (*Sales*), § 315, *p.* 497.

Thus we are led to the inescapable conclusion that there was error in the admission of the testimony of the alleged oral warranty hereinabove mentioned which requires the reversal of the judgment below. Therefore, since this determination is dispositive of the cause in the plaintiff's favor, the case is remanded with the direction to enter a judgment for the plaintiff and against the defendant for the amount demanded in the complaint, with interest. *Rule* 1 :4–9 (b).

*For reversal*—Chief Justice VANDERBILT. and Justices CASE, HEHER, OLIPHANT, WACHENFELD, BURLING and ACKERSON—7.

*For affirmance*—None.