**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1182-17T3

JOHN C. STOLLSTEIMER and
CHERYL R. STOLLSTEIMER,

    Plaintiffs-Appellants,

v.

FOULKE MANAGEMENT CORP., d/b/a
FOULKE MANAGEMENT CORPORATION,
d/b/a CHERRY HILL DODGE CHYRSLER JEEP,
d/b/a CHERRY HILL TRIPLEX,

    Defendant-Respondent.

_____

        Argued May 30, 2018 – Decided June 26, 2018

        Before Judges Gilson and Mayer.

        On appeal from Superior Court of New Jersey,
        Law Division, Camden County, Docket No. L-
        2255-16.

        Paul N. DePetris argued the cause for
        appellants (Paul N. DePetris and Lewis G.
        Adler, of counsel and on the briefs).

        Laura D. Ruccolo argued the cause for
        respondent (Capehart & Scatchard, PA,
        attorneys; Laura D. Ruccolo, on the brief).

PER CURIAM

Plaintiffs John C. and Cheryl R. Stollsteimer appeal from an October 2, 2017 order dismissing their complaint and compelling arbitration. We affirm.

On February 19, 2014, plaintiffs purchased a new motor vehicle from defendant, Foulke Management Corp., d/b/a Foulke Management Corporation, d/b/a Cherry Hill Dodge Chrysler Jeep, d/b/a Cherry Hill Triplex. In purchasing the car, plaintiffs signed a Motor Vehicle Retail Order Agreement (MVRO), which included a description of the vehicle and the price. Plaintiffs also signed a retail installment sales contract (RISC) and an arbitration agreement. The MVRO contained an integration clause, stating any attachments included all terms and conditions.

The arbitration agreement was attached to the MVRO. The arbitration agreement stated, in bold, capital letters, that certain rights, including the right to maintain a court action, were limited. The arbitration agreement, applicable to "all claims and disputes," explained the arbitration process in detail. The arbitration agreement also contained a class action waiver provision. Upon signing the arbitration agreement, plaintiffs expressly acknowledged they received, read, and understood the document.

Over a year after purchasing the vehicle, plaintiffs experienced trouble with the car. Plaintiffs attempted to have

A-1182-17T3

the car repaired. When the issues with the vehicle were not remedied, plaintiffs filed a complaint on or about June 16, 2016.

In the complaint, plaintiffs alleged defendant violated the Truth-in-Consumer Contract, Warranty and Notice Act (TCCWNA), N.J.S.A. 56:12-14 to -18. Plaintiffs also sought class certification.

On August 3, 2016, defendant moved to dismiss plaintiffs' complaint and compel arbitration in accordance with the arbitration agreement. Plaintiffs opposed defendant's motion.

On September 20, 2016, the motion judge entered an order enforcing the arbitration agreement. Plaintiffs appealed. Because that order was entered without oral argument and without any statement of reasons, we reversed. Stollsteimer v. Foulke Mgmt. Corp., No. A-0833-16 (App. Div. May 23, 2017) (slip op. at 3). We remanded the matter, requesting the motion judge provide findings of fact and conclusions of law in accordance with Rule 1:7-4(a). Id. at 3-4.

On remand, the parties were permitted to supplement their written arguments related to defendant's motion to compel arbitration. After hearing oral argument, the motion judge granted defendant's motion to dismiss and compelled plaintiffs to arbitrate their claims. The judge issued a nine-page written statement of reasons in support of his October 2, 2017 order.

In the statement of reasons appended to the order, the judge found the MVRO, RISC, and arbitration agreement were a single, integrated contract. The judge noted the MVRO established the price of the vehicle, the RISC confirmed the payment agreement between plaintiffs and defendant, and the arbitration agreement governed dispute resolution pertaining to the agreement as a whole. In addition, the judge determined all three documents were signed on or about February 19, 2014, the date that plaintiffs purchased the vehicle. Further, the judge found the MVRO, RISC, and arbitration agreement refer to and acknowledge the existence of the other documents. In holding the three documents formed one single contract, the judge highlighted language in the arbitration agreement that read: "I IMMEDIATELY RECEIVED A COPY OF THE CONTRACTS ALONG WITH THIS ARBITRATION AGREEMENT, AND ACKNOWLEDGE THAT I FULLY UNDERSTAND THE CONTENTS THEREIN."

Having deemed the documents signed by plaintiffs to be a single, integrated contract, the judge then considered whether the arbitration agreement complied with Atalese v. U.S. Legal Services Group, LP, 219 N.J. 430 (2014). In that regard, the judge found plaintiffs "were clearly and unambiguously informed that by signing the [arbitration] agreement, they would be surrendering their 'right to pursue any legal action to seek damages or any other remedies in a court of law, including the right to a jury

trial.'" Moreover, the judge noted the sales documents referred to arbitration several times, "often in accentuated, bold lettering," and highlighted various provisions explaining arbitration, identifying the rules of arbitration, establishing the location for arbitration, and setting forth the cost of arbitration. The judge determined the arbitration agreement "expressly inform[ed] the parties of their waiver of their right to a jury trial." Thus, the judge concluded the arbitration agreement comported with <u>Atalese</u>.

On appeal, plaintiffs contend the motion judge erred because: (1) the arbitration agreement conflicted with the MVRO and the RISC; (2) the arbitration agreement was void for lack of consideration; (3) the arbitration clause failed to satisfy the requirements of <u>Atalese</u>; (4) the arbitration clause was unenforceable as to class action litigation; (5) there were material fact disputes concerning the parties' agreement to arbitrate; and (6) the motion judge failed to consider defendant's application as a motion for summary judgment in accordance with <u>Rule</u> 4:46, as opposed to a motion to dismiss pursuant to <u>Rule</u> 4:6-2.

The validity of an arbitration agreement is a question of law and we review an order compelling arbitration de novo. <u>Barr v. Bishop Rosen & Co.</u>, 442 N.J. Super. 599, 605 (App. Div. 2015); <u>see</u>

also Atalese, 219 N.J. at 445-46 ("Our review of a contract, generally, is de novo, and therefore we owe no special deference to the trial court's . . . interpretation.").

"[W]here [an] agreement is evidenced by more than one writing, all of them are to be read together and construed as one contract, and all the writings executed at the same time and relating to the same subject-matter are admissible in evidence." Lawrence v. Tandy & Allen, Inc., 14 N.J. 1, 7 (1953) (quoting Gould v. Magnolia Metal Co., 69 N.E. 896, 898 (Ill. 1904)). Where several writings constitute one instrument, "the recitals in one may be explained, amplified, or limited by reference to the other." Schlossman's, Inc. v. Radcliffe, 3 N.J. 430, 435 (1950).

To determine whether arbitration should be compelled, we must determine whether the contract's arbitration provision is valid and enforceable. Martindale v. Sandvik, Inc., 173 N.J. 76, 83 (2002). In reviewing a motion to compel arbitration, "we are mindful of the strong preference to enforce arbitration agreements." Hirsch v. Amper Fin. Servs., LLC, 215 N.J. 174, 186 (2013).

Arbitration is a matter of contract. NAACP of Camden Cty. E. v. Foulke Mgmt. Corp., 421 N.J. Super. 404, 424 (App. Div. 2011), appeal dismissed, 213 N.J. 47 (2013). Not every arbitration clause is enforceable. Atalese, 219 N.J. at 441. "An agreement

to arbitrate 'must be the product of mutual assent, as determined under customary principles of contract law.'" Barr, 442 N.J. Super. at 605 (quoting Atalese, 219 N.J. at 442).

"Mutual assent requires that the parties understand the terms of their agreement[,]" and where the "agreement includes a waiver of a party's right to pursue a case in a judicial forum, 'clarity is required.'" Id. at 606 (quoting Moore v. Woman to Woman Obstetrics & Gynecology, LLC, 416 N.J. Super. 30, 37 (App. Div. 2010)). "[T]he waiver 'must be clearly and unmistakably established,' and 'should clearly state its purpose,' . . . [a]nd the parties must have full knowledge of the legal rights they intend to surrender." Ibid. (citations omitted). An arbitration agreement should clearly state if it "depriv[es] a citizen of access to the courts." Garfinkel v. Morristown Obstetrics & Gynecology Assocs., 168 N.J. 124, 132 (2001) (quoting Marchak v. Claridge Commons, Inc., 134 N.J. 275, 282 (1993)).

We first consider whether the three sales documents signed by plaintiffs formed a single, integrated contract. In reviewing the challenged documents, we agree with the motion judge that all three documents were executed at the same time and related to the same subject-matter: plaintiffs' purchase of the vehicle. Moreover, the arbitration agreement, attached to the MVRO, explains and amplifies the MVRO. The MVRO expressly includes "any

attachments." Therefore, the RISC is incorporated by reference into the MVRO. Thus, we concur that the MVRO, RISC, and arbitration agreement signed by plaintiffs constitute a single, integrated contract.

We next consider whether the arbitration agreement is enforceable. The arbitration agreement and the provisions referring to arbitration in the other sales documents were clear and unambiguous so as to be enforceable. The MVRO, signed by plaintiffs, contained a provision instructing plaintiffs to "READ THIS DOCUMENT CAREFULLY. IF YOU DO NOT FEEL THAT YOU HAVE HAD SUFFICIENT TIME TO READ THE DOCUMENT, YOU SHOULD NOT SIGN IT . . . . DO NOT SIGN THIS CONTRACT AND THE OTHER CONTRACT DOCUMENTS IF YOU DO NOT AGREE WITH ALL TERMS OF THE CONTRACT." The arbitration agreement, also signed by plaintiffs, advised plaintiffs to "READ THIS ABITRATION AGREEMENT CAREFULLY. IT LIMITS CERTAIN OF YOUR RIGHTS, INCLUDING YOUR RIGHT TO MAINTAIN A COURT ACTION." The arbitration agreement provides both parties "have an absolute right to demand that any dispute be submitted to an arbitrator in accordance with this agreement" and that "[i]f either . . . file[d] a lawsuit, counterclaim, or other action in a court, the other party has the absolute right to demand arbitration following the filing of such action." The arbitration agreement also included

a waiver of the right to a jury trial and pursuit of class action litigation.

In reviewing the MVRO, RISC, and arbitration agreement in a similar case, another panel of this court recently found "no infirmity in the content of the arbitration provision or the manner in which that content was conveyed." Goffe v. Foulke Mgmt. Corp., ___ N.J. Super. ___ (App. Div. 2018) (slip op. at 10). The panel found

> [i]n bold and conspicuous print, the provisions emphasize that, by fixing their signatures on defendants' documents, plaintiffs . . . agreed to arbitrate all related claims and waived their rights to trial by jury regardless of the legal basis for the claim. We see nothing in the arbitration provisions in question that would run afoul of our decisional law's insistence upon a clear and conspicuous expression of that intent.
>
> [Id. at 10-11.]

Having concluded the sales documents signed by plaintiffs form a single, integrated contract and having determined that the arbitration provisions are enforceable, we need not resolve plaintiffs' arguments regarding the statute of limitations or whether plaintiffs agreed to forego the right to pursue a class action, because the parties expressly delegated the authority to decide such issues to the arbitrator. Challenges to an arbitration agreement, as a whole, are subject to an arbitrator's determination

9

if the agreement contains a delegation provision. <u>Rent-A-Center W. v. Jackson</u>, 561 U.S. 63, 68-69 (2010); <u>see also</u> <u>Morgan v. Sanford Brown Inst.</u>, 225 N.J. 289, 303 (2016) ("[P]arties to an arbitration agreement can agree to delegate to an arbitrator the issue of whether they agreed to arbitrate a particular dispute.") Based on the language in the arbitration agreement signed by the parties, the arbitrator is delegated the authority to decide such issues in the first instance.

We next examine plaintiffs' argument that the motion judge failed to treat defendant's motion as a motion for summary judgment and there were material factual disputes that precluded summary judgment in this case. In reviewing the record, we find the judge treated defendant's motion as a motion for summary judgment. The judge gave plaintiffs an additional opportunity on remand to present evidence of genuinely disputed material facts. While plaintiffs raised legal arguments related to the sales contracts, they failed to set forth any disputed facts. We hold the motion judge properly considered the undisputed facts in rendering his decision to dismiss the complaint and compel arbitration.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1182-17T3